# Bolling & Son. *v.* Pace.

## Bill in Equity to foreclose a Mortgage.

1  *Bill to foreclose mortgage; when defendant not estopped by former litigation.*—A defendant in a foreclosure suit, asserting a title paramount under a mortgage, executed prior to the mortgage sought to be foreclosed, is not estopped by a decree rendered in a former suit, to which he was a party, not involving the validity of his mortgage or the property therein conveyed, in which it was decreed that the mortgage sought to be foreclosed was a valid security in the hands of the complainant.

2.  *Same; not affected by right to file cross bill.*—The fact that the defendant in a suit to foreclose a mortgage was a defendant in the former suit and could have propounded his interest as claimed under a prior mortgage only by a cross bill filed in such former suit. praying the foreclosure of said mortgage does not prevent such defendant from asserting his claim under said mortgage as a defense in the subsequent suit.

3.  *Parties to foreclosure suit; when bill should be dismissed.*—In a suit to foreclose a mortgage only those claiming title subordinate to the mortgage should be made parties, and if the answer of a defendant discloses that he relies on a paramount title, the bill should be dismissed as to him, unless the complainant is prepared to prove that such title was, in fact, acquired subsequent to the mortgage.

4.  *Same; effect of decree on appeal; complainant estopped.*—When in a foreclosure suit the prayer of the bill is that all claims under the mortgage be foreclosed, and it is alleged that one of the defendants asserts an interest in the lands subordinate to the mortgage, and this defendant sets up in his answer a claim and title paramount to that of the complainant, and the same is litigated without objection, and decided in favor of said defendant, the complainant can not, on appeal, attack this decree, on the ground that the question could not properly be litigated in a foreclosure suit.  Both parties having appeared, and having actually litigated the issue in such suit, are bound by the decree therein.

APPEAL from the Chancery Court of Crenshaw.

Heard before the Hon. JOHN A. FOSTER.

The facts of this case are sufficiently stated in the opinion.

GAMBLE & BRICKEN, for appellants, cited *Strauss v. Meertief,* 64 Ala. 299; *Gilbreath v. Jones,* 66 Ala. 129; *Tankersley v. Pettis,* 71 Ala. 179; *McCall v. Jones,* 72 Ala. 368.

I. H. PARKS, *contra.*

McCLELLAN, J.—This bill is filed by R. E. Bolling & Son against W. H. Cook, R. R. Pace and N. A. Pace, his wife,

and Rufus Cook. Its averments, so far as material, are : On Nov. 13, 1884, W. H. Cook sold the land, which is the subject matter in litigation, to R. R. Pace, executing a conveyance in fee to the purchaser. On the same day Pace and wife executed a mortgage to secure the payment of the purchase money, which was also evidenced by Pace's note, to said Cook. On January 8, 1885, W. H. Cook transferred and assigned said note and mortgage to Bolling & Son for value. On May 16, 1890, the present bill was filed for the purpose of foreclosing said mortgage. With respect to Rufus Cook its averment is that he "sets up some kind of a pretended claim' to the lands embraced in said mortgage, but that if said Cook has any claim at all on said lands it is inferior and subordinate to" that of the complainants under said mortgage. After the usual prayer for process against each of the defendants, &c., for an account to ascertain the amount of the secured debt, and for a decree for its payment by a day to be named in the decree, the complainants pray further that, "in default of such payment, your Honor will decree that the defendants R. R. Pace and N. A. Pace, and all persons claiming under them, may be absolutely barred and foreclosed of and from all rights and equities of redemption in and to the mortgaged property and any part thereof, and that the said mortgaged property be sold by the decree of this honorable court, and out of the proceeds of such sale pay to your orators the amounts ascertained to be due them on the mortgage, with the costs of this suit;" and this is followed by the prayer for alternative and general relief, if complainants are mistaken as to the relief specially prayed.

Only Rufus Cook made defense to the bill. He answered admitting its averments as to the sale and conveyance by W. H. Cook to Pace, the mortgage by Pace and wife to said W. H. Cook to secure the purchase money, but denying "the amount [averment?] of a transfer of said mortgage to complainants by defendant Wm. H. Cook." Continuing, he answers that it is true that he sets up a claim to the lands described in said mortgage, but that his claim and title to said land is not pretended, and that it is not subordinate to the right and claim of complainants, but that at the date of the pretended sale by W. H. Cook to Pace, said Cook did not have the legal title to said land, or the right to sell the same to Pace, or any one else, but that the legal title at the time of said sale and at the time of the execution of the mortgage by Pace "was in one Jacques Loeb, conveyed by Jefferson Cook and Martha Cook by mortgage deed executed on

the 13th day of March, 1882 ;" that said mortgage was transferred and assigned for value by said Loeb to Marks & Gayle on January 9, 1885, and by said Marks & Gayle transferred and assigned for value to William T. Tranum on April 8, 1886; and that said Tranum, on December 24, 1887, "bargained, sold and conveyed to respondent [said Rufus Cook] by absolute deed the lands described in the mortgage from Pace and wife to W. H. Cook ;" and that said respondent "is in possession of said lands and has occupied the same from the date of the purchase from said Tranum." The mortgage from Jefferson and Martha Cook, together with the several transfers thereof alleged in the answer, and the deed from Tranum to Rufus Cook are made exhibits to the answer.

　　The evidence on which the case was submitted, aside from the exhibits to the bill and answer and proof of the execution of the deed by Tranum to Rufus Cook, consisted of the pleadings, exhibits, depositions, orders, reports on reference, decrees, &c.—the whole file and record—in another case, that of R. E. Bolling & Son against W. H., Rufus, Jefferson and Martha Cook, and W. T. Tranum, which had been prosecuted and determined in the Chancery Court of Crenshaw County.　This bill had two main purposes.　W. H. Cook and Jefferson Cook had executed to Bolling & Son a note evidencing indebtedness which was originally due in part from Jefferson Cook, and in other part from W. H. and Rufus Cook, composing a partnership.　To secure its payment W. H. Cook executed a mortgage to Bolling & Son. Subsequently, it seems, Jefferson Cook claimed that the property embraced in this mortgage, or a part of it, did not belong to W. H., but to himself, Jefferson Cook.　The bill sought a foreclosure of the mortgage and to subject any title Jefferson had in the property to the payment of the debt secured by it, on the theory that the latter had induced Bolling & Son to take the mortgage by representing the title of the property to be in W. H. Cook, thereby estopping himself to afterwards assert the contrary.　Beyond this, the bill sought to set aside as fraudulent a certain conveyance made by Jefferson Cook and Martha Cook, his wife, to said Tranum, and to subject the property embraced therein to the satisfaction of the note made by W. H. and Jefferson Cook to the complainants.　The bill alleges that to further secure the debts evidenced by said note, W. H. Cook transferred and assigned to Bolling & Son the Pace note and mortgage, which are described and made exhibits.　And the mortgage before referred to of W. H. Cook, which is made an exhibit

39

to the bill, contains this provision: "And I, [W. H, Cook] hereby further transfer and assign to said R. E. Bolling & Son the debt of 325 dollars due from R. R. Pace for land sold to him, and the mortgage securing said debt made by R. R. Pace." But Pace and his wife are not made parties to that bill; it contains no averment looking to any relief in respect of that note and mortgage and no prayer for any such relief. An issue was assumed in this regard in taking the testimony as to whether W. H. Cook or Jefferson Cook, had title to the Pace land at the time of its sale by the former to Pace, and this issue was gone into by both parties without objection. Similarly, the evidence adduced upon it was unobjected to on the ground of its competency though most, if not all, of it might have been excluded because of its parol character, the loss of muniments of title not being sufficiently shown. The evidence on this point showed that in 1883, Jefferson Cook conveyed this land to W. H. Cook, and that whatever interest or title Jefferson had in and to it at that time was in W. H. when he sold to Pace, so that by his conveyance to Pace, the latter's mortgage back to him, and his transfer of that mortgage to Bolling & Son, the complainants became invested for the purposes of security with all of Jefferson Cook's right and title in the property. It also appeared in the evidence adduced in that case that Tranum was claiming this land under a sheriff's deed which was attacked as fraudulent. And in the final decree in that case Tranum was perpetually enjoined from setting up title to or seeking to recover the land embraced in Pace's mortgage, though there does not appear to have been any predicate for this relief in the bill; and it is therein recited or decreed that this Pace mortgage is a valid security in the hands of Bolling & Son, for the note of W. H. and Jefferson Cook, but the chancellor declared in this decree that it could not be foreclosed in that case for the want of necessary parties, averments and prayer. Nothing whatever appears in the pleadings, the exhibits, the testimony or the decrees in that case, *Bolling & Son v. Tranum et al.*, with reference to the mortgage executed by Jefferson Cook and his wife in *1882* to Jacques Loeb, and under which by mesne transfers and a conveyance, amounting to a transfer, Rufus Cook in the present case claims title to or interest in the Pace land, the mortgage upon which is now sought to be foreclosed. This Loeb mortgage, it is to be borne in mind, was executed by Jefferson Cook prior to his conveyance, to W. H. Cook. The conveyance, therefore,

only carried his equity of redemption in the land, that was the interest sold by W. H. to Pace, and the interest which is covered by complainant's mortgage from Pace. The Loeb mortgage was also prior to all of the transactions attacked for fraud in the case of *Bolling & Son v. Tranum*, to the note executed by W. H. and Jefferson Cook to Bolling & Son, and to the mortgage executed by W. H. to secure said note. It is no where hinted that this mortgage of 1882 was invalid, or that it has ever been discharged. Rufus Cook, according to the evidence in the present case, held it while the former suit was pending at the time of the final decree therein. And he was a party to that suit, but for purposes entirely foreign to the foreclosure of his interest in the Pace lands under this mortgage or otherwise. The interest he now sets up was not only not involved in that suit, but could not have been, unless possibly he had propounded it in a cross bill praying a foreclosure of his mortgage, and a party is never precluded under the circumstances shown here by merely not availing himself of the right to file a cross bill. Moreover, had he elected that course, on the evidence upon which this case is, and that one would, we assume, have been tried, the decree must have gone in his favor. There is, we conclude, therefore, nothing in the record of the former litigation having any bearing on the interest now asserted by Rufus Cook, and the decree in that cause did not cut off, foreclose, or in any degree affect his rights under the mortgage executed in 1882, by Jefferson and Martha Cook to Jacques Loeb.

Rufus Cook having thus at law the legal title to the land in controversy, paramount to the title of complainants under the mortgage, and in equity the older and superior mortgage, should not have been made a defendant to the present the bill. This is not the proceeding in which to determine and have settled the absolute final title to mortgaged realty. The purpose of a foreclosure suit is to settle interests claimed or existing in subordination to the mortgage. Only those should be made parties who are, or who claim under, the parties to the instrument. When the bill shows that a defendant asserts title paramount to the mortage it is demurrable. When it avers that a party defendant claims an interest which is subordinate to the mortgage, and the answer of such party discloses that he relies upon a title paramount, the bill should be dismissed as to him, unless the complainant is prepared to prove that such claim, interest or title in fact accrued subsequent to the mortgage. Otherwise, no decree in the case can bar

[Allen v. McCullough et al.]

or affect the adverse claim. Where this is not done, that is where the asserted adverse claim is not shown to be really in subordination to the mortgage, and a judgment in the usual form is entered against all the defendants, it will not bind the prior interest of such defendant, "but will be reversed on appeal, even though made after a hearing on pleadings and proof; because there can be no foundation in the complaint for a decree upon a question of paramount title."—Wiltsie on Mortg. Foreclosure, §§ 191, 421; 2 Jones on Mortgages, § 1445; *Cavning v. Smith*, 6 N. Y. 82; *Summers v. Bromley*, 28 Mich. 125.

But on the other hand, where, as in this case, the defendant, brought in under a bill alleging that he asserts some claim to or interest in the property, but that whatever interest he has is subordinate to the mortgage, and praying only that all claims under the mortgagor, &c., be foreclosed, sets up in his answer a paramount claim and the same is litigated without objection and decided in his favor, the decree can not be attacked on appeal on the ground that the question could not properly be litigated in that action. "Both parties, having appeared and having actually litigated the issue in this form, will be bound by the decree."—Wiltsie on Mortgage Foreclosures, § 1; *Helck v. Reinheimer*, 105 N. Y. 470; *Barnard v. Ouderdouk*, 98 N. Y. 158, 163; *Jordan v. Van Epps*, 85 N. Y. 427, 435.

The parties tried this case without objection as if the issue as to the superiority between the rights of Bolling & Son, under the Pace mortgage, and of Rufus Cook under the Loeb mortgage were formally in the case. The Chancellor correctly determined that issue in favor of Cook, and dismissed the bill. His decree will not be disturbed here although the question was not properly in the cause, and might have been eliminated from it.

Affirmed.