[Janney & Cheney, Trustees v. Habbeler.]


# Janney & Cheney, Trustees v. Habbeler.

*Bill in Equity to enforce a Vendor's Lien.*

1.  *Vendor's lien; enforcement against assignee of purchaser.*—A vendor who retains title to the land and has the right of possession, but binds himself to convey on payment of the purchase money, can maintain a suit to enforce his lien, which is in the nature of an equitable mortgage, against the purchaser's assignee in a general assignment for the benefit of creditors.

2.  *Same; jurisdiction of the court.*—Where a vendor of lands, who retains title, but binds himself to convey upon payment of the purchase money, files a bill to enforce his lien against the assignee of the purchaser in the district court, having equitable jurisdiction in the county wherein the land is situated, a plea to the jurisdiction of said court, which avers the assumption of jurisdiction by a different chancery court of the administration of the trusts created by the purchaser's deed of assignment, and of all the property owned by the assignor, and decreeing that all persons asserting any rights, liens or charges affecting any of the property should prosecute the same in said chancery court, but which does not show that the complainant vendor was a party to said proceedings and had opportunity to be heard, is insufficient as a bar to the exercise of the jurisdiction of the district court in the enforcement of the vendor's rights.

APPEAL from the District Court of Colbert.

Heard before the Hon. W. P. CHITWOOD.

The facts of the case are sufficiently stated in the opinion.

TOMPKINS & TROY and HORACE STRINGFELLOW, for appellants, cited *Gay, Hardie & Co. v. Brierfield Coal & Iron Co.*, 94 Ala. 303, 11 So. Rep. 353 ; *Barton v. Barbour*, 104 U. S. 134.

WILHOYTE & HARRIS, *contra*.

HEAD, J.—On the 4th day of December, 1886, the appellee, Habbeler, entered into a written contract with Alfred H. Moses by which he agreed to sell to Moses the lands described in the bill, situate in Colbert county,

37

Alabama, at the price of twelve thousand dollars, the payment of the greater portion of which was deferred to specified times for maturity; and it was agreed that Habbeler would convey the land by deed to Moses, or to him and such others as he might direct, or to a company he contemplated forming if so directed by him, and Moses agreed that, upon delivery of the deed, he would deliver to Habbeler the notes of the grantee or grantees, for the deferred payments secured by a mortgage on the premises. Divers payments were afterwards made upon the demand for the purchase money, until the indebtedness was reduced, at the time of the filing of the bill, to $5,884.23. This balance being unpaid, Habbeler filed this bill on the 21st day of July, 1892, in the district court of Colbert county, sitting in equity, to enforce his lien as a vendor upon the lands. It is not made to appear by express averment whether the deed and notes and mortgage were ever executed or not, but as the bill is framed it must be taken that they were not. The transaction must then be regarded as one of a vendor of lands retaining the title and binding himself to convey upon payment of the purchase money, and there can be no question, upon the face of the bill, of his right to enforce, in a court of equity, his lien, which is in the nature of an equitable mortgage.

Sometime in 1891, Moses, becoming insolvent, executed to certain assignees a general assignment of his property and effects, including his rights under said contract of purchase, for the benefit of his creditors. The assignees afterwards resigned the trust, and the appellants, Janney and Cheney, were regularly appointed in their stead by the chancery court of Montgomery county. They accepted the appointment and assumed the trust, and, with Moses, are made defendants to this bill. In bar of the exercise of the jurisdiction of the district court, Janney and Cheney interposed a plea setting up said assignment, and averring that immediately thereafter the assignees took possession and assumed control of all the said property assigned for the purposes of the trust, and on the 11th day of July, 1891, filed their bill in the chancery court of Montgomery county, setting forth, among other things, that many of the creditors of Moses had attached a large portion of the property assigned, claiming the invalidity of the assignment, and that said at-

tachment suits, unless enjoined, would constitute a cloud
on their title, and subject the said trust to great ex-
pense and loss, and praying that said court would assume
jurisdiction of said trust and protect them in the admin-
istration of the same; that on the 22d day of October,
1891, the said chancery court adjudged that complain-
ants, said assignees, were entitled to have it take and
assume jurisdiction of the trust, and that it did thereby
assume the same, decreeing that said assignees should
proceed in the further administration of the trust, under
the direction in said deed of assignment given them, sub-
ject to the terms and directions of said decree and such
other orders and decrees as had been, or might thereafter
be, rendered in the cause; that the said decree provided
that the defendants to the bill and all other persons were
restrained from proceeding further with said attachments
or proceedings affecting or to affect, in any way, any of
the property included in said deed of assignment, and
the defendants and all other persons were restrained and
enjoined from instituting any proceedings affecting or
to affect in any way any of the said property in any
court other than said chancery court, and from prosecu-
ting any such proceedings theretofore commenced; and
said defendants and all other persons asserting or claim-
ing any rights, liens or charges affecting any of said
property, and all persons having any claim to any por-
tion of the fund to be distributed under the assignment
were ordered to prosecute and assert the same in the
said chancery court. The plea further sets up the resig-
nation of the original assignees and the appointment of
Janney and Cheney in their stead, and avers that the
said suit in chancery was, in January, 1892, revived in
their names as complainants, and that on the 23d day
of April, 1892, said court rendered a further decree in
said cause, upon the pleadings and evidence therein, in
which the assumption of its jurisdiction by the said
decree of October 22, 1891, was confirmed and ratified,
and said decree affirmed; and further ordering that the
said former restraining order and injunction be made
perpetual; that said suit is still pending and undisposed
of, and said Janney and Cheney are still engaged in
the administration of the trust. The district court held
this plea insufficient and overruled the same, and that
ruling is assigned as error.

It is the established rule in this State that the assignee in a general assignment, like that in the present case, acquires only such estate, and such rights and powers in reference to it, as the assignor had and the terms of the deed confer. If the interest of the assignor in a given property be that of a mere equity, with the legal title and right of possession outstanding in another, the deed only confers that equity. The assignee acquires no right to the possession as against the legal holder, and if in possession, it would be his legal duty to surrender it to the owner on demand, or he could be coerced to do so by appropriate legal proceedings. As it would be wrongful in the assignor, at the time of assignment, to withhold from others the possession of property to which they were entitled, so also would it be wrongful in the assignee to do so, who occupies precisely the same relation to the property. In the case before us, Habbeler was the legal owner of the land in question and entitled to the possession. As vendor, he was also invested with the right, in equity to condemn the land to the payment of the purchase money, to the complete foreclosure of all equities of the vendee. Moses had no other or higher estate or interest than the mere right to pay the balance of the purchase money and obtain the title and right of possession. That right, and no other, he conferred upon his assignees. The assignees filed their bill in the chancery court of Montgomery county to obtain the direction and protection of that court in the administration of the trust, and specially to enjoin the invasion of their possession and rights of property by certain attaching creditors, and that court passed a decree assuming the jurisdiction invoked ; and it is now contended that the *res* and entire ownerhip of any and all property which the assignees possessed themselves of, or in which Moses had any interest or estate whatever, passed, by virtue of that decree, into the possession and under the dominion and control of that court, freed from the authority of all other persons, without regard to the extent and nature of their claims, to assert their rights in any other forum. The proposition is that the assignees, though mere volunteers under Moses, and standing, in relation to property precisely where he stood, and who have no other or greater trusts or rights than the terms of the assignment itself confer, may of their own volition, in the absence

of all other claimants, apply to a court of chancery and obtain action of that court enlarging their possessory interests beyond any such vested in them by the deed of their creation, and completely foreclosing the assertion of the demands of all other claimants, without regard to the extent or nature of those demands. In other words, although they acquired nothing, and the right to administer nothing, from the deed, (from which all they did acquire was derived,) save that which Moses had and gave, yet they are entitled to obtain from the court of chancery by virtue of a decree for which they voluntarily apply, an enlarged right of possession and administration, beyond the deed, and infringing the rights and remedies of others not parties to the proceeding. We are of opinion that a voluntary assignment can not lawfully be the means to such ends; and we are unwilling to construe the decree of the chancery court as intending more than an assumption of jurisdiction and control over such property, rights and interests as the assignees were invested with, and which, by the terms of the deed, they were authorized to administer as a trust. It could not have been intended to give them the power to possess and administer property, or rights of property, which did not belong to Moses, but to others, and to which, therefore, they acquired no shadow of right by the deed of assignment. If the decree in question goes to this extent it was in excess of the court's authority and jurisdiction, violative of the property rights of others and to it we can not accord our sanction. We think the legal title of Habbeler to the land, his right to possession, and to condemn it to the payment of the purchase money, as they existed at the time of the assignment, remained unaffected by that instrument, or by any action the assignees might have obtained at the hands of the court of chancery, based upon their title, in a proceeding to which Habbeler was not a party and had no opportunity to be heard.

The case is different from that of a receiver, who is an indifferent person, without title, appointed by the court to take possession of particular property pending the determination of its ownership or disposition by the court. Such a person is the mere officer or agent of the court, and the property in his custody is essentially in the possession and under the dominion of the court, and no

other tribunal will exercise its jurisdiction to disturb that possession.

We are of opinion the ruling of the district court was right, and its decree is affirmed.