# Equitable Mortgage Co. *v.* Finley *et al.*

*Bill in Equity to foreclose Mortgage.*

1. *Foreclosure of mortgage; when decree failing to pass upon claim under adverse possession proper.*—Under a bill filed for the sole purpose of the foreclosure of a mortgage, where it is alleged that the mortgagor died intestate, and the parties defendant are the sole heirs of the deceased mortgagor, but one of the defendants sets up in her answer a title to the mortgaged property claimed to have been derived by adverse possession, a decree providing for the divestiture by foreclosure of all the interest in the mortgaged property shown by the bill to be in the defendants as heirs at law of the deceased mortgagor, but fails and declines to pass upon the alleged title of the defendant claimed by adverse possession, expressly excepting from its operation any interest said defendants may have had in the mortgaged property, independ-

[Equitable Mortgage Co. v. Finley *et al.*]

ent of the mortgagor, is proper and free from error; the bill not assailing the title of said defendants claimed to have been derived through adverse possession.

2. *Same; same.*—In such a case, the purpose of the foreclosure suit being not to determine in whom the title resides, but to settle the interest claimed or existing in subordination to the mortgage, the defendant asserting the title by adverse possession was a proper party defendant, and the bill should not have been dismissed as to her; since, being an heir of the mortgagor, she took an equity of redemption, and the foreclosure of that interest was necessary to the enforcement of the mortgage.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. RICHARD B. KELLY.

The bill was filed in this case by the Equitable Mortgage Company to foreclose a mortgage executed to complainant, a foreign corporation, by Rebecca H. Finley, and her son, Henry Finley. The respondents are said Henry Finley and one Maria Finley, his sister, the bill averring that they are the sole heirs of said Rebecca H. Finley, who died intestate since the execution of said mortgage, owning no property except the lands embraced in said mortgage, and owing no debts, and that no administration has been had on her estate, and that none is necessary.

There was a decree *pro confesso* against Henry Finley. Demurrers were interposed by Maria Finley and were overruled by the court.

Answer under oath having been waived, the respondent Maria Finley filed an unsworn answer, denying the execution of said mortgage by Rebecca H. Finley, and its acknowledgment by her, and charging that at the date of the execution of said mortgage, the said Rebecca H. Finley was *non compos mentis*, and incapable of contracting with reference to her property. The answer also sets up and claims for respondent a title adverse and paramount to the mortgage; alleging that respondent had been in the quiet, peaceable, undisturbed possession of the lands described in the bill, claiming them as her own, for more than twenty years before the filing of the bill; also, that she had been in the open, notorious, adverse possession thereof for more than ten years be-

fore the filing of said bill; also, that at the date of said mortgage, and at the time of its execution by Rebecca H. Finley and Henry Finley, respondent was in the adverse possession of said lands, holding them as her own, and adverse to the grantors therein, and that she is now in the adverse possession of said lands, holding them as her own and adverse to the grantors therein, and that she is now in the adverse possession of said lands under color of title, claiming them as her own.

These were the issues as made by the pleadings. On all of these issues, there was evidence *pro* and *con*. On the final submission of the cause on the pleadings and proof, the court rendered a decree granting the relief prayed for, but as against respondent Maria Finley, limited the operation of the decree to such interest as she had or had acquired as heir at law of said Rebecca H. Finley, deceased. On this point, the following is the language of the decree, to-wit: "Upon consideration, it is ordered, adjudged and decreed by the court, that the complainant is entitled to the relief prayed for in its bill, and to have said mortgage foreclosed as against Henry Finley, and whatever right, title or interest in and to said land which the defendant, Maria Finley, has acquired as heir at law of Rebecca Finley, deceased, whatever interest said Maria Finley has in and to said lands independent of said Rebecca H. Finley, is especially excepted from the operation of this decree." The decree then finds the amount due upon the mortgage debt, with interest, and includes therein attorney's fees, and orders a sale of Henry Finley's interest in said land, and of whatever interest Maria Finley has or has acquired as heir at law of Rebecca H. Finley. From this decree the complainant appeals, and assigns as error, 1, the rendition of said decree; 2. That the court erred in declining to pass upon the claim which the defendant Maria Finley asserted to the land embraced in the mortgage; and 3. The court erred in the decree rendered, in that it did not include in the amount ascertained to be due the attorney's fees as stipulated for in said mortgage. By agreement of the parties, the respondent Maria Finley filed a cross assignment of error and assigned as error the rendition of the decree appealed from in

37c

that it failed to decline jurisdiction and to dismiss the complainant's bill.

E. M. OLIVER, for appellant, cited *Gormley v. Clark,* 134 U. S. 338; *Shipman v. Forniss,* 69 Ala. 556; *Wood v. Machine Co.,* 83 Ala. 424; *Ledbetter v. Vinton,* 108 Ala. 644.

BARNES & DUKE, *contra.*—"The rule is that in suits to foreclose mortgages, one claiming title adverse to and paramount to the mortgage, can not be made a party for the purpose of litigating his adverse title in a court of equity, and where he is so made, the bill will be dismissed as to him.—2 Jones on Mortgages, 1440; Wiltsie on Mortgage Foreclosure, §§ 118, 119; 8 Am. & Eng. Ency. Law, (1st ed.), 222; 9 Ency. of Pl. & Pr., 353; *Randle v. Boyd,* 73 Ala. 282; *Hambrick v. Russell,* 86 Ala. 199; *Bolling v. Pace,* 99 Ala. 607.

SHARPE, J.—To dispose of the first assignment of error it is enough to point out that the decree provides for a divesture by foreclosure of all the interest in the mortgaged property which by the bill, is shown to reside in Maria Finley. So far as the bill discloses that interest is only such as came by descent to her as an heir of the deceased mortgagor. The title she sets up in her answer as derived from possession adverse to the mortgagors and all others is not assailed by the bill as an obstruction to the foreclosure sought or otherwise.

Decrees can properly be rendered only *secundum allegata,* since jurisdiction is not drawn to subjects-matter except as invoked by averment in pleading appropriate to that end.—*Meadors v. Askew,* 56 Ala. 584; *Floyd v. Ritter, Ib.* 356; *McKinley v. Irvine,* 13 Ala. 698; Story's Eq. Pl. § 241; 3 Ency. Pl. & Pr. 357.

A want of averment in a bill cannot be supplied by anything that may be contained in the answer.—*Bone v. Lansden,* 85 Ala. 562; *Lockhard v. Lockhard,* 16 Ala. 430; *Jackson v. Ashton,* 11 Pet. (U. S.), 249; Story's Eq. Pl. § 254; 3 Ency. Pl. & Pr. 358. And proof without averment is not available for relief.—*Alexander v. Taylor,* 56 Ala. 60.

[Equitable Mortgage Co. v. Finley *et al.*]

Cases there are wherein the court with jurisdiction acquired for one purpose may, to afford full relief and settle the entire controversy, extend its decrees to matters other than those from which the chief equity springs; thus in *Lyon v. Powell*, 78 Ala. 351, a bill seeking chiefly to have a conveyance absolute in form declared a mortgage and foreclosed as such, was sanctioned in an attack made by it on an alleged purchase at tax sale had subsequent to the conveyance; and a like decision is found in *Randle v. Boyd*, 73 Ala. 282. But even auxiliary relief cannot go beyond the purview of the bill, which in general includes only the matters averred and such as are incidentally involved in their proper adjustment.

We do not intimate that a claim of title independent of that of the mortgagor, though set up by one who must as an heir be made a party, can properly be brought under adjudication by a bill for foreclosure framed differently from this bill. The propriety of such a bill is not here in question or passed upon.

In support of the cross-assignment of error it is urged only that because of Maria Finley's assertion of title by adverse possession and the evidence relating to it the bill should have been dismissed at least as to her.

If Maria Finley neither had nor claimed any interest in the mortgaged property except by title paramount to that of the mortgagor then no decree could properly have been rendered against her, for in general it is true as land down in *Bolling v. Pace*, 99 Ala. 607, that the purpose of a foreclosure suit is not to determine in whom title resides, but "to settle interests claimed or existing in subordination to the mortgage." But notwithstanding her assertion of title paramount, the mortgagee and purchaser under the mortgage could not have disputed the title of the mortgagors, and therefore would have been bound to recognize in her as an heir of the mortgagor an equity of redemption. A foreclosure of that interest was proper because necessary to the enforcement of the mortgage.

For testing the claim of title by adverse possession a court of law is the appropriate forum. That claim and the evidence relating to it were improperly obtruded

into the case and the court had the right *sua sponte* to decline an adjudication of it.

There is nothing to support complainant's third assignment of error since the sum ascertained by the decree as due on the mortgage includes attorney's fees according to its stipulations besides what is due on the principal debt with interest.

The decree will be affirmed on the appeal of the complainant and also on the appeal of the respondents.

DOWDELL, J., not sitting.