# West v. Henry, et al.

### Bill to Ascertain Mortgage Debt and to Foreclose.

(Decided December 14, 1913. 64 South. 75.)

1. *Mortgages; Foreclosure; Parties.*—In a bill to foreclose a chattel mortgage given for advances, an allegation that a respondent had actual knowledge of the advancements made by complainant to respondent's husband, and enjoyed them, and that the crops raised by the mortgagee on which the mortgage was given were raised on lands owned by him and respondent jointly, did not show any interest in such respondent in the mortgage property, and hence, such respondent was improperly joined.

2. *Same; Priority; Lien for Rent.*—A landlord's lien for unpaid rent is superior to a crop mortgage executed by the tenant, and hence, the lien of the landlord would not be affected by a decree foreclosing such mortgage, and the landlord should not be joined in such an action.

3. *Equity; Pleading; Multifariousness.*—A bill seeking to foreclose a chattel mortgage on crops and also to redeem from the landlord of the mortgagor as a superior lienholder would be multifarious as joining wholly distinct and unrelated matters.

APPEAL from Marshall Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by A. G. Henry against Mollie C. West and others to ascertain a mortgage debt and for foreclosure. Decree for complainant, and defendant Mollie C. West appeals. Reversed and rendered.

The appellees file their bill for the purpose of enforc-ing their right as mortgagees under a chattel mortgage executed by John H. West. The primary purpose of bill is to ascertain the mortgage debt and a decree of foreclosure for the satisfaction. In addition to the mortgagees, the bill brings in as parties respondent the wife, Mollie C. West, the appellant, and also several other parties, including a senior and junior mortgagee, who, it is alleged, have received and converted some of the mortgaged property. The relief sought against the

[West v. Henry, et al.]

senior mortgagee is redemption merely against the junior mortgagee, an accounting for the property received, with a decree subjecting it or its proceeds to foreclosure. No relief is specifically prayed for as against Mollie C. West, and her only connection with the matter in litigation is shown by the allegation that she had actual knowledge of complainant's advances to her husband (for which the mortgage was given) and shared in their use and enjoyment; that the corn and cotton mortgaged were raised by the mortgagor on land owned by her and him jointly; and that complainants have sued them in detinue for the live stock and 400 bushels of corn covered by the mortgage. The appellant, Mollie C. West, demurred on the ground that she is improperly joined as a respondent thereto, and her demurrer was overruled.

GOODHUE, BRINDLEY & WHITE, for appellant. No relief is sought or can be had against Molly C. West, and she was improperly made a party respondent.—*Bayzor v. Adams*, 80 Ala. 239; *Campbell v. Davis*, 85 Ala. 56; *Bowling v. Pace*, 99 Ala. 607; *E. M. Co. v. Finley*, 133 Ala. 575; *Davis v. Taylor*, 158 Ala. 227.

JOHN A. LUSK & SON, for appellee. All who wrongfully interfere or intermeddle with property covered by a mortgage may be joined in a bill to foreclose.—7 Cyc. 97. All subsequent mortgagees encumbrancers and purchasers from the mortgagor are proper parties to a bill filed by a mortgagee to redeem or foreclose.—*Comer v. Lehman*, 87 Ala. 363; 68 Ala. 1; 48 Ala. 87; Jones on Chattel Mortgages, sec. 758. The parties joined as parties respondent are proper if not indispensable parties. *Gravlee v. Lamkin*, 120 Ala. 218; *Forest v. Luddington*, 68 Ala. 14; *Walker v. Bank*, 6 Ala. 452; *Cullom v.*

*Hatres,* 2 Ala. 415; Storey's Eq. Pldg. sec. 193 and note.

SOMERVILLE, J.—The bill of complaint does not show that appellant has or claims any interest whatever in the mortgaged property in suit, and the demurrer for misjoinder should have been sustained.

The theory of appellees seems to be that the allegation that the crops mortgaged were raised on lands owned by her and the mortgagor is sufficient to show some claim by or interest in her. It is true that knowledge by purchaser of such crops that they were raised on the lands of another is constructive notice of the existence of a landlord's lien for unpaid rent; but that is a mere question of notice and diligence. Certainly the facts stated cannot alone support a suit against such third party as the claimant or owner of an interest in the crops. For that purpose the interest should be plainly shown by appropriate averment.

It is to be observed, however, that, even if a landlord's lien for unpaid rent might be inferred in favor of appellant, her claim would be hostile and superior to the mortgage of complainants and could not be affected by a decree in this proceeding, and hence her joinder herein would still be both unnecessary and improper.—*Bolling v. Pace,* 99 Ala. 607, 12 South. 796; *Mut. B. & L. Ass'n v. Wyeth,* 105 Ala.639, 644, 17 South. 45; *Freeman v. Stewart,* 119 Ala. 158, 164, 24 South. 31; *Eq. Mortgage Co. v. Finley,* 133 Ala. 575, 31 South. 985; *Davis v. Taylor-Lowenstein Co.,* 158 Ala. 227, 47 South. 653.

The bill cannot be regarded as one to redeem from appellant as a lienholder, for there is neither allegation nor prayer looking to such relief, and, indeed, in that aspect it would be very clearly multifarious as joining wholly distinct and unrelated matters.

[Welden, et al. v. Brown.]

The decree of the chancellor will be reversed, and a decree will be here rendered sustaining appellant's demurrer to the bill.

Reversed and rendered.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.