(119 So. 15)

COLLINS v. WARREN. (4 Div. 405.)

Supreme Court of Alabama. Dec. 8, 1928.

E. C. Boswell, of Geneva, for appellant.

Huey & Huey, of Enterprise, for appellee.

ANDERSON, C. J. The appellee, Warren, a judgment lienor, filed this bill to enforce or foreclose his lien upon land owned by the defendant to the judgment, one Marcus Mills, against the appellant, Collins, who purchased the land from Mills and got a deed subsequent to the plaintiff's judgment and the registration of same. The appellant, Collins, set up as a defense the assignment to him of certain mortgages of Mills to the Union Mercantile Company. The trial court found, and we think properly so, that the proof showed that all mortgages held by the Union Mercantile Company had been· fully satisfied as existed when Mills mortgaged the property to the Federal Land Bank. This being the case, the only live or subsisting mortgages given by Mills and assigned to the appellant were those given the Union Mercantile Company subsequent to the one to the Federal Land Bank, and which said mortgages were subsequent to the appellee's judgment lien, and we think that the trial court properly held that the appellee's lien was superior to any claim or title set up by Collins, and that he was entitled to an enforcement of same by a sale or foreclosure.

█ It is true the record shows the existence of a mortgage to the Federal Land Bank paramount to the appellee's lien, and which was not questioned by the bill of complaint, and which is not dealt with in the decree of the trial court, and the Federal Land Bank, not being a party to the cause, is in no sense bound by the decree. Bolling v. Pace, 99 Ala. 607, 12 So. 796; West v. Henry, 185 Ala. 168, 64 So. 75.

█ The rule seems to be well settled that when one files a bill to foreclose a mortgage or enforce a lien the only proper parties are the mortgagor or obligor and those who acquire an interest subsequent to the complainant's mortgage or lien. Hodge v. Joy, 207 Ala. 208, 92 So. 171. Indeed, anterior claimants are not proper parties. Randle v. Boyd, 73 Ala. 282.

The case of Langley v. Andrews, 132 Ala. 147, 31 So. 469, and other cases cited by appellant's counsel, deal with a different class as brought out and distinguished from the present class in the case of Hodge v. Joy, 207 Ala. 208, 92 So. 171.

The bill in the Langley Case was by the equitable assignee of a mortgage, and the court held that his assignor should be a party to the cause. Here we have a bill by a judgment lienor to settle all claims between himself and a purchaser from the defendant in the judgment subsequent to the accrual of the complainant's lien. The Federal Land Bank mortgage is not questioned, and its claim ·or title is not involved or determined by the decree.

The decree of the circuit court is affirmed.

Affirmed.

SAYRE, THOMAS, and BROWN, JJ., concur.