7 So.2d 558

**QUALLS v. UNION CENT. LIFE INS. CO.**

4 Div. 223.

Supreme Court of Alabama.

April 16, 1942.

John C. Walters, of Troy, for appellant.

E. C. Orme and J. H. Wilkerson, both of Troy, for appellee.

LIVINGSTON, Justice.

Appeal from a decree of the Circuit Court of Pike County, Alabama, in Equity, overruling respondent's demurrer to complainant's bill of complaint which seeks to enforce an alleged vendor's lien upon certain lands described in the bill. A copy of the written agreement which is the foundation of the suit is attached to and made a part of the bill.

In substance, the bill alleges that complainant and respondent entered into a written contract, under the terms of which the complainant, in consideration of the sum of $5,000, of which sum $500 was paid in cash on or before the execution of the agreement, and the balance evidenced by a promissory note, payable in 15 annual installments, the first of which was due and payable on December 1st, 1940, agreed to sell to respondent the lands described therein; title to said lands to remain in complainant during the term of the agreement and to be transferred to respondent upon the payment by him of the agreed purchase price; that the note contained an acceleration clause giving to the complainant the option, upon the default in the payment of any installment, or the breach of any covenant contained in the contract, to declare the principal in each unpaid installment and the interest accrued thereon, immediately due and payable, and the right to "proceed to enforce the collection thereof, or cancel said contract as provided therein"; that respondent breached said contract by failing to pay the installment due on December 1st, 1940, in the sum of $260.98, and that under the terms of the contract complainant exercises the option to declare all of the monies due thereunder. The bill further alleges that complainant is ready, able and willing to convey to respondent the lands described in the contract upon the payment by respondent of the balance of the purchase money, and that respondent refuses to make said payment.

The bill prays that the Court will decree that complainant has a vendor's lien upon the land; that said lands be sold to satisfy said lien, and that the decree ascertain the amount of money shown to be due upon said contract and note, including a reasonable attorney's fee provided for in the note; and that if any deficiency exists after the proceeds of the sale of said lands have been applied to the amount ascertained to be due to complainant by respondent, that the Court will enter a decree in favor of complainant for such deficiency; and for general relief.

Three separate grounds of respondent's demurrer are specially assigned to three separate paragraphs of the bill.

This Court in the case of Michie et al. v. Bradshaw et al., 227 Ala. 302, 149 So. 809, 815, speaking through Mr. Justice Bouldin, said: "Demurrer specially assigned to a 'paragraph' of a bill is inapt, unless such paragraph sets forth some aspect of the bill on which relief is prayed." Thus, demurrers assigned severally to paragraphs 3, 4 and 5 of the present bill, which merely set forth various features of the transaction upon which, in connection with other averments, relief is sought, are inapt and were properly overruled.

Respondent's other grounds of demurrer are based on the want of equity in the bill, and the existence of an adequate remedy at law.

The lien possessed by a vendor who does not execute an absolute conveyance, but retains title under an executory contract of sale, is to be distinguished from the technical vendor's lien or implied lien, wherein the vendor has no security other than the purchaser's personal obligation, for here the vendor holds the legal title as security for deferred payments. Sykes v. Betts, 87 Ala. 537, 6 So. 428. Such lien has all the incidents of a mortgage. Nance et al. v. Gray, 143 Ala. 234, 38 So. 916, 5 Ann.Cas. 55; Janney & Cheney, Trustees v. Habbeler, 101 Ala. 577, 14 So. 624; Wolffe v. Nall et al., 62 Ala. 24; Kelly v. Payne, 18 Ala. 371; Conner et al. v. Banks, 18 Ala. 42, 52 Am.Dec. 209; Chapman v. Chunn et al., 5 Ala. 397; Haley et al. v. Bennett, 5 Port. 452.

In such a case the vendor may enforce payment of the purchase money against the purchaser's equitable estate. 66 C.J. page 1218, Section 1080.

The law is well-recognized in this State, authorizing a vendor in suing to enforce an equitable lien for the unpaid purchase price of land, to include a prayer in his bill asking for a deficiency decree. Merrell v. Witherby, 120 Ala. 418, 23 So. 994, 26 So. 974, 74 Am.St.Rep. 39; Cudd v. Wood, 205 Ala. 682. 89 So. 52; Thompson v. Wilson, 224 Ala. 299, 140 So. 439; Baker

v. Young, 90 Ala. 426, 8 So. 59; Johnson v. McKinnon, 54 Fla. 221, 45 So. 23, 13 L.R.A.,N.S., 874, 127 Am.St.Rep. 135, 14 Ann. Cas. 180; Section 6652, Code 1923; Eq. Rule 119½, 240 Ala. XVI.

Appellant argues that the provision in the note that, upon default, the seller "may proceed to enforce the collection thereof, or cancel said contract as provided therein," limits appellee to a cancellation of the contract, or a suit at law on the note for such default, citing Coral Gables, Inc., v. Patterson, 231 Ala. 649, 166 So. 40. We do not agree. The instant suit is a proceeding to enforce the collection of the note within the meaning of the quoted provision. We pretermit the question as to whether complainant could have maintained a suit at law on the promissory note. Clearly, the decisions of this Court sustain complainant's right to proceed in equity to a foreclosure of his vendor's lien, and a deficiency judgment in a proper case.

There was no error in overruling respondent's demurrer to the bill.

Affirmed.

GARDNER, C. J., BOULDIN, and FOSTER, JJ., concur.