40 So.2d 858

## ROGERS v. GONZALEZ.
### I Div. 349.

Supreme Court of Alabama.
May 26, 1949.

Jere Austill, of Mobile, for appellee.

**FOSTER, Justice.**

The question on this appeal is whether a vendor's bill to foreclose the rights of the purchaser on account of defaults in the payments, which she obligated herself to make, is subject to the demurrer interposed. The trial court overruled the demurrer and respondent has appealed.

There was an executory contract of sale by complainant to respondent of real estate. Respondent agreed to pay certain installment mortgages then outstanding and to place another such mortgage of like kind, and to pay complainant a balance of the purchase money in monthly installments. The fourth and fifth paragraphs of said contract contain provisions which seem to be here controlling. They are as follows:

"4th. The purchaser further agrees to pay promptly said installments on mortgage and to the sellers and to also pay promptly all installments of interest on each and all mortgages as the same shall become due, and if default is made in either installments of principal or interest and said default continue for sixty (60) days, the entire balance on said purchase price shall become due and payable at once; and if the purchaser shall make default in any of the other provisions of this contract, and said default continue for sixty (60) days, all of the purchaser's rights, hereunder shall cease and terminate at the option of the seller, or at her option the entire balance due on the purchase price shall without notice, become due and payable.

Allan R. Cameron, Jr., of Mobile, for appellant.

"5th. It is expressly agreed and understood that should default be made in any of the provisions of this contract and said default continue sixty (60) days, seller may terminate said contract without notice, and all rights of the purchaser in and to said property shall cease and terminate, and the payments that were made by the purchaser to the seller shall be retained by the seller and treated as rents. Time being the essence of this contract. In the event of suit for the recovery of the possession of the property, no notice whatsoever shall be required to be given the purchaser."

The third paragraph of the bill of complaint is as follows: "Your complainant now alleges and shows that the said Bessie C. Rogers has failed to pay the installments of the purchase price and has likewise failed to pay the taxes and insurance premiums levied against and incurred in connection with said real property, as provided for in said contract, and that her default in said respect has continued for more than one (1) year and that she is now indebted to complainant in the sum of Six thousand one hundred ninety-seven and 45/100 ($6,197.45) Dollars.

The prayer for relief is as follows: "Complainant prays upon consideration of the premises that this honorable court will be pleased to enter its decree, stating and determining the account now due from the said Bessie C. Rogers to the complainant, and that the said Bessie C. Rogers be required to pay said sum to the complainant within such time as this honorable court might be pleased to fix and determine and upon her failure to do so that this honorable court will be pleased further to enter its decree forclosing said contract and terminating all interest of the said Bessie C. Rogers in said real property and divesting all interest, equitable or legal, out of the said Bessie C. Rogers in said real property which she might have acquired by the terms of said contract and investing the same in this complainant and for such other, further or different relief as the complainant is entitled to in the premises."

The demurrer raises three chief contentions: (1) that there is an adequate remedy at law; (2) that such a contract is not a mortgage subject to foreclosure in equity, and (3) that the prior mortgagees should have been made parties.

The first two contentions may be treated together since they are controlled by a single line of reasoning.

The complainant is a vendor with a retention of the legal title as security for payment of the purchase price including the prior mortgages on the property, and her status has all the incidents in equity of a mortgagee, Qualls v. Union Central Life Ins. Co., 242 Ala. 619, 7 So.2d 558, so long as the debt to complainant remains a subsisting demand, and equity will foreclose the same as if it were a mortgage. Qualls v. Union Central Life Ins. Co., supra. As in that case, so in this, the contract conferred on complainant an option either to terminate all rights of the purchaser on a certain contingency or to declare the entire balance remaining unpaid to be due and payable.

But those are alternative and inconsistent rights secured by the contract. If complainant elects to terminate all rights of the purchaser, that cancels her obligation to pay the balance of the purchase price or perform the other obligations of the contract which she assumed as a purchaser. Nelson v. Sanders, 123 Ala. 615, 26 So. 518; Davis v. Folmar, 203 Ala. 336, 83 So. 60.

Complainant in effect has elected in this bill to accelerate payment of the installments of the purchase price, so that the purchaser continues to occupy her status as such, Zirkle v. Ball, 171 Ala. 568, 54 So. 1000, but complainant is entitled in equity to foreclose the purchaser's rights under it, as is a mortgagee. Qualls v. Union Central Life Ins. Co., supra.

The effect of the prayer for specific relief is for a strict foreclosure by which upon a failure to pay the amount which may be ascertained, as required by a decree to be rendered, all interest of the respondent under her contract would be thereby divested. A sale to realize funds to pay off the debt is not prayed for as was done in the Qualls case, supra, nor is there a prayer for a deficiency judgment.

316

A strict foreclosure is an extroardinary remedy and its application is rare because it is generally regarded as unjust. But it is said: "If the property mortgaged is clearly insufficient to pay the mortgage debt, we see no reason why the mortgagee should be put to the expense of a sale, if he is willing to take a strict foreclosure." Hitchcock's Heirs v. United States Bank of Pennsylvania, 7 Ala. 386, 442; Maya Corp. v. Smith, 240 Ala. 371(4), 199 So. 549; 59 Corpus Juris Secundum, Mortgages, § 609, page 1076; 66 Corpus Juris 1326, section 1287.

Whether a strict foreclosure will be decreed depends upon the facts of each case. It will not be done to the prejudice of the purchaser. But if the property is worth less than the debt, and complainant seeks such relief, and no injustice to the purchaser is apparent, it may be done. There is no allegation in the bill as to the value of the property in proportion to the debt secured by the contract.

There is no merit therefore in the contention that there is an adequate remedy at law, or that the contract is not subject to foreclosure, for it is in the nature of a mortgage. There is a distinct equity sought to be enforced.

The demurrer does not go to that feature of the bill which prays for a strict foreclosure. Moreover, a bill is not subject to demurrer because it prays for certain specific relief to which complainant may not be entitled on the facts alleged when they show that other equitable relief is available, and there is a general prayer for relief. Endsley v. Darring, 249 Ala. 381(5), 31 So.2d 317. Such is the status of this bill.

The prior mortgagees were not necessary parties. The rule is that when one files a bill to foreclose a mortgage or enforce a lien the only proper parties are the mortgagor or obligor and those who acquire an interest subsequent to complainant's mortgage or lien, Collins v. Warren, 218 Ala. 480, 119 So. 15; Fendley v. Smith, 217 Ala. 166, 115 So. 103; Hodge v. Joy, 207 Ala. 198, 92 So. 171, unless the bill seeks a redemption from the prior mortgages. Hester v. First National Bank, 237

Ala. 307(13), 186 So. 717; Fendley v. Smith, supra.

The demurrer taking the points we have discussed was properly overruled.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.