OPINION. Arundelu, Judge: Respondent has increased petitioner’s income for the calendar year 1945 by the sum of $10,871.33 on the ground that the petitioner, who reported her income on the cash receipts method, was required under sections 42, 111 fa), and 111 (b) of the Internal Revenue Code,[1] to include in her 1945 income the full amount of her one-half interest in the profit realized from the sale of the Deer Head Inn. See also Regulations 111, section 29.41-1.[2] Respondent contends that since the sale is a completed transaction in 1945 the entire profit on the sale is taxable in that year. We agree that in every practical way the sale was complete in 1945. In that year the vendee went into possession of the property and at the same time assumed all the burdens and benefits of ownership. The purchase price was definitely fixed and the vendee was under an unconditional obligation to pay it under the terms set forth in the contract. Nibley-Mimnaugh Lumber Co., 26 B. T. A. 978, affd. 70 F. 2d 843; Union Pacifio Railroad Co., 32 B. T. A. 383, affd. 86 F. 2d 637. It does not follow, however, that the entire purchase price in excess of the basis constituted gain taxable in the year 1945. Since petitioner reported her income on the cash receipts and disbursements basis she realized gain from the sale of property only to the extent that the “amount realized” therefrom is in excess of her basis. Section 111 (a). Section 111 (b) of the Internal Revenue Code provides that the “amount realized” shall be “any money received plus the fair market value of the property (other than money) received.” Upon the sale petitioner received as a down payment a sum of cash not in excess of her basis for the property, plus the vendee’s contractual obligation to pay the balance of the purchase price in deferred payments extending beyond the year in question. This contractual obligation cannot be considered an “amount realized” unless it is the equivalent of cash. In John B. Atkins, 9 B. T. A. 140, we stated: * * in the case of one reporting income on the receipts and disbursements basis only cash or its equivalent constitutes income.” This basic rule has been consistently followed. Charles C. Ruprecht, 16 B. T. A. 919; Dudley T. Humphrey, 32 B. T. A. 280; C. W. Titus, Inc., 33 B. T. A. 928; Alice G. K. Kleberg, 43 B. T. A. 277; Nibley-Mimnaugh Lumber Co., supra; Perry v. Commissioner, 152 F. 2d 183. In determining what obligations are the “equivalent of cash” the requirement has always been that the obligation, like money, be freely and easily negotiable so that it readily passes from hand to hand in commerce. See Dudley T. Humphrey, supra, wherein we held that nonnegotiable promissory notes are not the equivalent of cash and cf. S. L. Meyer, Executor, 23 B. T. A. 1201; Harold W. Johnston, 14 T. C. 560; C. W. Titus, supra; Perry v. Commissioner, supra. This principle was recently reiterated in the Johnston case wherein we held that a cash basis taxpayer realizes no income when he receives upon the sale of property a promise to pay contained in a contract of sale that “merely requires future payments and no notes, mortgages, or other evidence of indebtedness such as commonly change hands in commerce, which could be recognized as the equivalent of cash to some extent, are given and accepted as part of the. purchase price.” In the case before us the promise to pay was merely contractual; it was not embodied in a note or other evidence of indebtedness possessing the element of negotiability and freely transferable. It is true that the contract possessed many elements of a mortgage, Corpus Juris, vol. 66, sec. 1080, p. 128; Tiffany, Beal Property, 3d ed., vol. 1, sec. 308, p. 535; Corpus Juris Secundum, vol. 59, sec. 9 — 11, pp. 33-41; Qualls v. Union Cont. Life Ins. Co., 7 So. 2d 558, but this characteristic does not lend to the contract the necessary element of negotiability. Cf. Bernard Realty Co. v. United States, 188 F. 2d 861. We conclude, therefore, that the contractual obligation was not the “equivalent of cash,” and the only “amount realized” by petitioner on the sale of the property in 1945 was the sum of cash received. Since this sum was not in excess of petitioner’s basis for that property no gain was realized on the sale in 1945. Reviewed by the Court. Decision will be entered wider Rule 50. SEC. 42. PERIOD IN WHICH ITEMS OF GROSS INCOME INCLUDED. (a) General Rule. — The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period. » * » SEC. 111. DETERMINATION OF AMOUNT OF, AND RECOGNITION OF, GAIN OR LOSS. (a) Computation op Gain or Loss. — The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113 (b) for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized. (b) Amount Realized. — The amount realized from, the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received. Regulations 111: Sec. 29.41-1. Computation op Net Income. — Net income must be computed with respect to a fixed period. Usually that period is 12 months and is known as the taxable year. Items of income and of expenditure which as gross income and deductions are elements in the computation of net income need not be in the form of cash. It is sufficient that such items, if otherwise properly included in the computation, can be valued in terms of money. The time as of which any item of gross income or any deduction is to be accounted for must be determined in the light of the fundamental rule that the computation shall be made in such a manner as clearly reflects the taxpayer’s income. * * «