ROBERTSON, Presiding Judge.
Joshua Z. Rogers (“the purchaser”) appeals from a judgment of the Baldwin County Circuit Court awarding Triple S Ventures, Inc. (“the vendor”), $19,127.99 plus court costs arising from a breach of an installment contract for the sale of land, as well as an alternative judgment awarding the vendor immediate possession of the property made the subject of that contract. We remand with instructions.
*1221 On February 14, 1994, the parties entered into a “contract for deed” whereby the vendor would execute a deed to a parcel of real property in Baldwin County in favor of the purchaser upon the vendor’s receipt of $16,500, the full purchase price of the parcel. Simultaneously, the purchaser executed and delivered to the vendor a promissory note for $16,500, payable in installments. The vendor retained title to the parcel while the purchaser made payments on the note. The parties’ contract specified that if the purchaser failed to make payments as they came due under the note, then the vendor could, among other things, declare the contract null and void and could retain all payments made by the purchaser as liquidated damages for breach of the contract. The purchaser also agreed to pay all costs of collecting or securing the recovery of any amounts due the vendor, including a reasonable attorney’s fee, and agreed to pay ad valorem taxes on the parcel.
The purchaser defaulted on his payment obligations under this promissory note, and in 1995 litigation ensued between the vendor and the purchaser. That litigation resulted in the purchaser’s executing a new promissory note for $14,394.65, representing the balance remaining after application of payments and credits due the purchaser. The new promissory note provided for monthly payments of $146 and for a larger “balloon” payment at the end of the note’s term.
The purchaser made one payment of $146 in October 1996, before defaulting on the new note; he made no further attempt to comply with the note until March 18, 1997, when he attempted to make another monthly installment payment.[1] The purchaser also failed to pay the 1996 and 1997 ad valorem taxes on the property. In February 1997, the vendor declared the purchaser in default under the contract and thereafter refused the purchaser’s proffered payments and requests for a statement of a “payoff amount.” The vendor subsequently filed this action, seeking the alternative remedies of ejectment of the purchaser from the parcel, foreclosure of the purchaser’s interest in the parcel, or a money judgment against the purchaser. The purchaser counterclaimed, seeking specific performance of the contract and asking that the vendor be directed to provide a “payoff amount.”
After an ore tenus proceeding, the trial court entered a judgment in favor of the vendor. That judgment states:
“A judgment is granted in favor of the [vendor] and against the [purchaser] in the amount of $14,788.05, interest of $2,121.73 and a reasonable attorney’s fee of $2,218.21, plus court costs. Alternatively, a judicial foreclosure of the described property is granted and the [vendor] is awarded immediate possession thereof and [the purchaser] is ordered ejected therefrom.”
After the denial of his post-judgment motion, the purchaser appealed, alleging, among other things, that the judgment “cannot be properly or effectively enforced by either party without further clarification.”
The parties’ contract is an installment contract for the sale of land, a transaction often called a “bond for title” or a lease-sale agreement:
“A land installment contract serves as both a contract for the sale of land, which generally lasts from one to twenty years, and a financing device. The vendor retains title to the property and the vendee makes monthly installments of the purchase price and interest. Once the vendee pays the last installment, the vendor delivers a deed. The vendee is allowed to take immediate possession of the premises under the contract but must usually maintain the property and pay any relevant taxes.”
*1222 Joel Rebecca Donelson, “The Bond for Title: A Modern Look at Alabama’s Land Installment Contract,” 46 Ala. L.Rev. 137, 138-39 (1994) (footnotes omitted). Under such arrangements, vendors often contractually reserve unto themselves the power to treat the contract as having been rescinded upon a default by the purchaser, and after a rescission may retake possession of the property. Id. at 140.
We recently considered the effect of such a reserved power in an installment contract for the sale of land, in Green v. Hemmert, 703 So.2d 391 (Ala.Civ.App.1997). In that case, the parties’ installment contract provided that upon default by the purchaser, the vendors would “be released from all obligations in law or equity to convey [the] property to the [purchaser],” and that the purchaser “shall forfeit all rights to said property or to the possession thereof’; the contract also stated that “[i]n lieu of the foregoing, the [vendors], at [their] option, may declare ... the entire unpaid balance of the purchase price ... to be due and payable” and that the vendors could initiate an appropriate civil action “to enforce payment thereof.” 703 So.2d at 393. In upholding the trial court’s judgment awarding possession of the property to the vendors after a default by the purchaser, we stated the following pertinent legal propositions:
“The contract found by the trial court to be in effect between the parties contains alternative remedies upon breach of the buyer’s duty to pay. The [vendors] had the right either to treat the contract as abrogated, so that they had no obligation to convey the property, or to declare the unpaid balance of the purchase price to be due and payable and to bring a civil action to enforce payment thereof. The contract specifically provides that any rights given to the [vendors] in the event of breach are not to be construed to deprive them of any other rights, powers, or remedies they might otherwise have.
“Where an installment land sales contract provides alternative remedies of termination or foreclosure, Alabama law allows the vendor an election of remedies between the two. They are said to be ‘alternative and inconsistent rights secured by the contract,’ Rogers v. Gonzalez, 252 Ala. 313, 315, 40 So.2d 858, 860 (1949), and the [vendors’] exercise of their alternative right to resume possession of the land and to terminate the contract in light of [the purchaser’s breach of his covenant to pay monthly rentals is settled. See, e.g., Nelson v. Sanders, 123 Ala. 615, 620-21, 26 So. 518, 520 (1899); Davis v. Folmar, 203 Ala. 336, 83 So. 60 (1919); Blocker v. Lowry, 285 Ala. 448, 233 So.2d 233 (1970).”
703 So.2d at 395-96 (emphasis added; other emphasis omitted). Thus, Green makes it clear that, in the absence of a waiver, a vendor has the right either to treat a purchaser’s default in making installment payments as grounds for rescinding the installment contract (and retaking possession of the land) or to treat it as a basis for insisting upon the purchaser’s immediate payment of the full amount due under the contract. The first choice puts the contract at an end, while the second necessarily acts as a reaffirmation of the contract.[2]
However, in this case, the trial court awarded both forms of “inconsistent” relief to the vendor, in the alternative. The money judgment of $19,127.99 represents the full amount of money to which the vendor would be entitled under the *1223 land installment contract if that contract is affirmed, whereas the restoration of the vendor to possession and the corresponding ejectment of the purchaser from the subject parcel is relief available to the vendor only if the contract is rescinded. Although the vendor was certainly entitled to seek both remedies under the Rules of Civil Procedure (see Rule 8(a), Ala.R.Civ. P.), the trial court could not award the vendor both the purchase price of the parcel (with permissible fees and interest) and the parcel itself. Steger v. Everett Bus Sales, 495 So.2d 608, 609 (Ala.1986) (holding that the trial court was required to elect between the remedies of rescission of a lease-purchase agreement and damages for breach of the agreement). Moreover, the judgment does not require the vendor to make any election between these two forms of relief, although the record suggests that the vendor preferred to retake possession of the property rather than receive a money judgment in its favor.
The trial court’s judgment, as it is currently phrased, is thus not “conclusive and certain in itself.” Jewell v. Jackson & Whitsitt Cotton Co., 381 So.2d 623, 625 (Ala.1976). We remand the cause to the trial court for 28 days with instructions to elect which of the two remedies it will afford the vendor.[3]
REMANDED WITH INSTRUCTIONS.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

On Return to Remand

ROBERTSON, Presiding Judge.
This case was previously remanded by this court on December 4, 1998, with instructions to the trial court to elect which of two remedies it would afford to Triple S Ventures, Inc. (“the vendor”), with respect to its claim that Joshua Z. Rogers (“the purchaser”) had defaulted on his obligations under a land installment contract between the vendor and the purchaser: (1) terminating the land installment contract between the vendor and the purchaser and restoring the vendor’s possession of the land made the subject of the contract (i.e., termination), or (2) requiring the purchaser to make immediate payment of all amounts due under the contract (i.e., foreclosure). The trial court has since entered the following amended judgment:
“On remand from the Alabama Court of Civil Appeals, this court’s judgment of May 19[,] 1998 is vacated. The contract for deed (lease/purchase agreement) is rescinded, the [vendor] is awarded immediate possession of the described property and the [purchaser] is ordered ejected therefrom.”
In our original opinion, 752 So.2d at 1223, n. 3, we noted that “the purchaser’s contention that the trial court erred in calculating the vendor’s damages under the first alternative form of relief set forth in the judgment” was “not ripe for determination” because the case was due to be remanded for the trial court to elect one of the two available remedies. The trial court’s amended judgment leaves no doubt that the remedy of termination, rather than the remedy of foreclosure, has been applied. See also Green v. Hemmert, 703 So.2d 391, 395-96 (Ala.Civ.App.1997) (describing alternative remedies under land installment contract in the event of default). Therefore, there is no longer any monetary judgment against the purchaser, and his contention that that judgment was erroneously calculated is moot.
Likewise, we concluded in our original opinion that “a vendor under an installment contract for the sale of land need not pursue judicial foreclosure as a prerequi *1224 site to retaking possession.” 752 So.2d at 1222, n. 2 (citing Halstead v. Windsor, 662 So.2d 1124, 1126 (Ala.1995)). Thus, the purchaser’s contentions that the judgment is due to be reversed because the trial court allegedly failed to recognize “rights of redemption” on the part of the purchaser, is not well taken. Similarly, we cannot hold the trial court in error for failing to grant the purchaser’s post-judgment motion, which claimed that the judgment did not provide for redemption rights or for a foreclosure 'sale. Under the trial court’s judgment, the contractual relationship between the parties is at an end, and the purchaser simply has no further rights with respect to the parcel in question.
The trial court’s conclusion that the vendor is entitled to terminate the parties’ land installment contract is supported by the facts of record and by the law governing such contracts, as set forth in our original opinion. Therefore, the trial court’s judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ, concur.

. The purchaser testified that he clid not make his scheduled November 1996 payment because he had had an agreement with his family members who were occupying the parcel whereby they would make the payments, although he acknowledged that he was primarily responsible for making the payments.

. It should be noted that a vendor's resumption of possession under a reserved right of rescission in an installment contract for the sale of land would not constitute a “sale” of land subject to a mortgage; thus, redemption statutes applicable in the mortgage context do not apply. See Halstead v. Windsor, 662 So.2d 1124, 1126 (Ala.1995) (holding that no statutory redemption rights arise when there is no “sale” of the affected real estate, as in the case of a deed given in lieu of foreclosure). Also, contrary to the purchaser’s contentions, a vendor under an installment contract for the sale of land need not pursue judicial foreclosure as a prerequisite to retaking possession. See id.

. Because of the disposition we make today, the purchaser’s contention that the trial court erred in calculating the vendor’s damages under the first alternative form of relief set forth in the judgment is not ripe for determination. Should the trial court elect on remand to award damages to the vendor rather than possession of the parcel, then on the trial court’s return to this remand order we will consider the purchaser's arguments concerning this contention.