Bolling v. Whittle.

## BOLLING vs. WHITTLE.

[TRESPASS QUARE CLAUSUM FREGIT.]

<div style="float:right">38   35<br>111  157</div>

1. *What constitutes trespass to realty.*—Where a house is erected partly on the lands of the plaintiff, and partly on the adjoining lands of the defendant; but it is not shown to have been so erected by agreement with the plaintiff, under circumstances which would justify its removal as a mere chattel,—the mere fact that the greater part of it is on the defendant's lands, gives him no right to enter on the plaintiff's lands, or to remove the house therefrom.

APPEAL from the Circuit Court of Butler.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by John Bolling, against A. F. Whittle, to recover damages for a trespass to land. The complaint was in the form prescribed by the Code, page 555. The evidence adduced on the trial, and the rulings of the court, are thus stated in the bill of exceptions:. "The plaintiff proved by a witness, that the defendant removed a house, worth about sixty-five dollars, from the plaintiff's land, and put the same on his own land, and used it; and it was proved by a witness who had been a surveyor for many years, and who had made a survey of said lands at the instance of the plaintiff, that said house stood about

thirty feet from the line of the defendant's land. The defendant then introduced a witness who had made a survey for him, and who was the county surveyor at the time of said survey; and according to the testimony of this witness, the line between the defendant and the plaintiff ran through said house, leaving a part thereof on the plaintiff's land, but the larger part on the defendant's land. The court charged the jury, that if they believed from the evidence that the larger part of the house was on the defendant's land, then they must find for the defendant." The plaintiff excepted to this charge, and he here assigns it as error.

WATTS, JUDGE & JACKSON, for appellant.

STONE, J.—We think the circuit court erred in the charge to the jury. The phase of the evidence most favorable to the defendant, (and that which was supposed by the charge,) left a portion of the house on the land of the plaintiff. There is in the record no evidence that the house was placed there by agreement with the plaintiff, under circumstances which would justify its removal as a mere chattel.—See *Wells v. Bannister*, 4 Mass. 514; *Ashman v. Williams*, 8 Pick. 402; *Curtiss v. Hoyt*, 19 Conn. 154. This being the case, the defendant had no right to enter on the land of plaintiff, nor to remove a fixture from it.— 1 Chit. Pl. 178; 1 Hilliard on Torts, 516-7; 1 Hilliard on Real Property, 3; *Wentz v. Fincher*, 12 Ired. 297.

Judgment of the circuit court reversed, and cause remanded.