## Abraham et al. v. Hall et al.

### Lien of Landlord.

1. *A bill must show a case within the jurisdiction of a court of equity.*—A bill must necessarily disclose a case falling within the jurisdiction of a court of equity, and an error in this respect is fatal at any stage of the proceedings.

2. *A bill need not show the amount in controversy is within the jurisdiction of the court.*—A bill is not demurrable because it fails to show affirmatively that the amount in controversy is within the jurisdiction; if it is not, the objection must be raised by plea or answer on the hearing.

3. *One partner is not liable for the acts of another beyond the scope of the partnership.*—The mere fact of partnership does not make one partner liable

[Abraham v. Hall.]

for the other with reference to matters, not shown to be within the scope of partnership.

4. *A naked bailee is not a necessary party to a bill against the bailor.*—A mere naked bailee who asserts no claim in himself to property deposited with him as warehouseman, should not be made defendant to a bill against the bailor, praying for an equitable attachment.

5. *On the death of a tenant a court of equity will enforce the lien of the landlord.*—When the death of a tenant renders it impossible to pursue the statutory remedy by attachment, a court of equity will enforce the lien of the landlord.

6. *The personal representative must be a party to a bill filed to charge personal assets.*—A bill to charge personal assets can not be maintained unless the personal representative of the decedent, in whom the legal title resides, is before the court.

APPEAL from the Chancery Court of Autauga.

Heard before the Hon. CHARLES TURNER.

Joseph L. Hall and William Lee, the husband and trustee of Louisa B. Lee, filed their bill of complaint in the Chancery Court of Autauga county, against Joseph Abraham, Isaac Abraham and William Nunn, to enforce the landlord's lien.

The complainants allege that they are the owners of a tract of land in Autauga county known as the "Hall Place," and rented the same to George Reese, for the year 1873, for one bale of cotton. The said Reese entered upon and cultivated the said premises, and produced and gathered therefrom a bale of cotton weighing less than five hundred pounds. After he had gathered and packed the bale of cotton, the said Reese, in the latter part of 1873, died. He did not deliver the said cotton to the complainants, nor did he pay them the rent due for said premises, nor any part thereof.

About the time of the death of the said Reese, one Joseph Abraham, a member of a mercantile firm composed of Joseph and Isaac Abraham, took possession of said bale of cotton, with full knowledge of the complainant's lien upon it for the rent of the land, and removed the cotton without the knowledge or consent of the complainants, and deposited it with William Nunn, a warehouseman, at Vernon, in the county of Autauga. The said Joseph Abraham had the cotton marked ("J. A."), and claiming it as his own, refused to deliver it to the complainants, although he had been frequently requested so to do.

The bill contained the usual prayer for process against the said Joseph and Isaac Abraham and William Nunn, and also prayed that the lien of the landlord might be enforced by a seizure and sale of the said cotton, and the payment of the proceeds of the sale to the complainants.

The defendants, Joseph and Isaac Abraham, in their

[Abraham v. Hall.]

answers denied the joint ownership of the complainants of the Hall Place, or that they jointly made a contract by which the premises were rented to George Reese. They denied that any rent was due, and alleged that several other bales of cotton were produced on the premises by the said lessee. They denied also that Joseph Abraham took and caused to be removed the bale of cotton from the said premises, or had it marked "(J. A.)" and deposited it with William Nunn at Vernon.

They assigned also the following grounds of demurrer, viz :

1. " There is no equity in the said bill of complaint.    ·

2. " The said bill shows upon its face that complainants have a full and adequate remedy at law.

3. " The said bill of complaint fails to make the personal representative of George Reese a party defendant, when the allegations show that such personal representative is a necessary party.

4. " The said bill fails to show that the bale of cotton was of any value whatever.              o

5. " The said bill of complaint fails to show that the value of said cotton in money is sufficient to give this court jurisdiction.

6. " There is no allegation in said bill as to the quality or value of said cotton."

"The defendant, Isaac Abraham, answering separately, demurs to said bill of complaint, and assigns as causes of demurrer:

1. " The said bill of complaint shows upon its face that he is neither a necessary nor a proper party.

2. " The said bill improperly makes him a party defendant."

The answer of the defendant, Nunn, averred his ignorance of all the matters contained in the bill of complaint, except the deposit of the said bale of cotton in his warehouse. It denied that Joseph Abraham deposited the said bale of cotton, and alleged " that one Dock Davis, a freedman, deposited at his said warehouse, one bale of cotton in the month of November, 1873, and had it marked ' J. A.,' and that ' Nunn ' gave a receipt to Dock Davis for the same, but that he does not know at whose instance, or under whose instructions, said bale of cotton was so deposited, and that no demand was even made of him by complainants for said bale of cotton before the filing of said bill of complaint."

The defendant, Nunn, had no claim to, or interest in, the

[Abraham v. Hall.]

bale of cotton. He demurred to the bill, and assigned the following grounds of demurrer, viz.:

1. "The said bill of complaint shows upon its face, that this defendant has no interest in the subject-matter of the suit which can render him liable to the complainants.

2. "This defendant is not a necessary or a proper party to said bill of complaint or suit."

The complainants then filed an amended bill, in which they alleged the insolvency and intestacy of the said George Reese—and that no estate was left by him subject under the law to an administrator, and that no administrator had ever been appointed. "There is no necessity for an administrator on his estate, and he left surviving him a widow, Sarah Reese, and the following named children: Milly Golson, wife of Crockett Golson, Daniel Hall and Moses, all above the age of twenty-one; and Sidney Hall, Vina Hall, April Hall, May Hall, Rose Hall and Georgia Hall, all of whom are minors. All of the children of decedent were made parties defendant.

D. B. Booth was duly appointed guardian *ad litem* for each of the named children of said Reese, and consented in writing to act as such.

On the final hearing the cause was submitted for a decree on the "bill and amended bill, and answers and demurrers contained in answers of Joseph and Isaac Abraham, and on testimony." The court overruled the demurrers, and decreed that complainants were entitled to the relief prayed for.

W. H. & W. T. NORTHINGTON, for appellants.—1. The law casts the title of the personal property of the decedent on his personal representative, and he is, therefore, an indispensable party in any litigation relative to it.—19 Ala. 666.

2. The lien of an attachment is inchoate and imperfect, until judgment is rendered against the defendant in attachment.—30 Ala. 398; 5 Ala. 503; 13 Ala. 171; 20 Ala. 538; 39 Ala. 324; 40 Ala. 410.

3. A lien created by law is dissolved by the death of the defendant and insolvency of his essate.—48 Ala. 358; 39 Ala. 324.

4. A final decree will not be pronounced unless all persons whose interests may be effected, or are to be effected by it, have been made parties.—3 Stew. & Port. 317; 2 ib. 280; 2 Ala. 209. Nor unless the decree will be a full protection to the parties litigant against future litigation in regard to the subject-matter of the suit. A decree in this case would be no protection to the defendant, Abraham, against another

[Abraham v. Hall.]

suit brought by the representative of the tenant Reese.—19 Ala. 666.

5. The complainant had a full, complete and adequate remedy at law.—*Hussey v. Peebles,* 55 Ala. 393.

DOSTER & ABNEY, for appellees.—1. The complainants having a lien for rent, and no remedy by which it could be enforced at law, filed their bill in equity and sued out an attachment under section 3416 of Revised Code.

2. The personal representative of the tenant is not a necessary party. The tenant died, leaving no property subject to administration. And courts of equity never require an unnecessary thing to be done.—47 Ala. 429.

3. It is insisted that the landlord's lien is dissolved by the death of the tenant, and the case in 48 Ala. page 358, is cited. But the distinction between liens created by law and liens created by contract, is overlooked.—39 Ala. 324; 20 Ala. 532; 13 Ala. 171; 5 Ala. 503; 3 Ala. 398. The lien is never dissolved by death or insolvency, except when it has been created by legal process.—Authorities *supra.*

4. Moreover, the proof shows that the contract in this case was a parol mortgage, which may be forclosed in equity. *McKiethen v. D. Pratt & Co.,* 53 Ala. 116, and authorities cited. And the lien on the bale of cotton constituted a trust in the hands of Abraham.—33 Ala. 534.

BRICKELL, C. J.—A bill must necessarily disclose a case which falls within the jurisdiction of a court of equity— an error in this respect is fatal in any stage of the proceedings, and can not be cured by consent or waiver.—Story's Eq. Pl. § 10. The principle however applies to jurisdiction of the court, as to the subject matter and not to jurisdiction as dependent on the residence of the parties, or the amount in controversy. It is the rule in this State that the court will not take jurisdiction if the amount in controversy does not exceed twenty dollars; and if on the final hearing, the fact appears, the cause will be repudiated.—*Cowan v. Jones,* 27 Ala. 317. But a bill is not demurrable, if it discloses a case within the appropriate jurisdiction of the court, because it does not show affirmatively that the amount in controversy is within the jurisdiction. If it is not, it is matter of objection by plea or answer, or on the hearing.

The general rule of pleading, is, that persons having no interest in the suit, and against whom no decree can be had, are improperly made defendants.—Story's Eq. Pl. § 231.

[Abraham v. Hall.]

The bill fails to show that Isaac Abraham, or Nunn, have any interest in the bale of cotton, which is the subject of controversy, or claim any, or that they are under any liability whatever to the complainant in reference to it. Their respective demurrers should have been sustained. The only averment in reference to Isaac Abraham, is, that Joseph is his partner, and had taken possession of the cotton, stored and marked it, claiming it as his own.. The mere fact of the partnership, did not render the one liable for the acts of the other, unless they were done in reference to and within the scope of the partnership business. Nunn was merely the warehouse-man with whom Joseph had stored the cotton—a mere agent or naked bailee, and should not have been joined as a defendant.

A bill to charge personal assets can not be maintained unless the personal representative in whom the legal title resides is before the court.—Story's Eq. Pl. § 170. Distributees are permitted to sue in equity, and recover personal assets, the court dispensing with the presence of the personal representative, when there are no outstanding debts against the decedent, and if the administrator was suing and recovering, his only duty would be distribution—to receive with the one hand, and pay with the other, to the persons the law appoints, and whose respective interests it ascertains. *Fretwell v. McLemore*, 52 Ala. 124. But when it is proposed to litigate the title to the personal assets, and to charge them with the payment of debts, the personal representative must be a party, and the distributees are not proper parties. The demurrer because the administrator of the tenant is not made a party should have been sustained.

The lien of a landlord on crops grown on the rented premises, for the payment of rent is an incident to the tenancy. The lien is neither a *jus in re*, nor a *jus ad rem*,—it is not property in the crops, but a right to charge them with the payment of the rent.—*Hussey v. Peebles*, 53 Ala. 432. The statute provides a remedy by attachment, for the enforcement of the lien in particular instances. There are many cases in which judicial interference for the enforcement of the lien is necessary, or it will be unavailing,—not provided for by the statute. In these cases, and in cases in which the statutory remedy is inadequate, a court of equity, in the exercise of its general jurisdiction to enforce liens, or charges, or trusts, for the payment of debts may grant appropriate relief, and may, as it would pursue any property subject to a lien, charge, or trust, follow the crops into the hands of all others

[Mobile and Montgomery Railway Co. v. Clanton.]

than a *bona fide* purchaser without notice. The death of the tenant, rendered it impossible for the landlord to pursue the statutory remedy by attachment, and the court of equity has jurisdiction to intervene and enforce the lien.— *Westmoreland v. Foster,* 52 Ala. 223. No alienation by the tenant while the crop remains on the rented premises, will entitle the alienee to protection as a *bona fide* purchaser.—*Lomax v. LeGrand,* in manuscript; *Masterson v. Bentley,* in manuscript.

For the errors noticed, the decree is reversed and the cause remanded.