## First Ave. C. & L. Co. *v.* McWilson.

*Bill to Enforce Mechanic's Lien.*

(Decided May 15, 1913.    Rehearing denied June 19, 1913.
62 South. 531.)

1. *Mechanics' Lien; Subject; Improvement.*—Under section 4754, Code 1907, the lien is enforceable against the improvements, although lost as to the land, yet a contractual obligation must be shown to exist between the material-man and the owner of said improvements.

2. *Same; Agreement or Consent of Owner.*—Under sections 4754, 4755, 4756, 4757, Code 1907, a party furnishing material for a building erected on the land of one not a party to the contract, and who did not consent or acquiesce in such construction has no lien on the building, or right to move it.

3. *Improvement; Fence; Mistake in Locating.*—Under section 6026, Code 1907, the thing dealt with is lands as fixed by the original government survey, and lines as fixed upon the plats and maps under the authority of article 2, chapter 142, Code 1907, relating to town surveys and plats, is not included; the two articles being separate and independent.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the First Avenue Coal & Lumber Company against Thomas McWilson to enforce a lien. Judgment.

sustaining demurrer to the bill, and complainant appeals. Affirmed.

· The allegations of the bills are that on January 3, 1912, Jessie and Hattie Crocker owned a certain lot in the county of Jefferson described as lot 15 and the N. ½ of lot 14 in block 4 in the Oak Ridge Park subdivision, and that Thomas McWilson owned lot 13 in the S. ½ of lot 14 in block 4 in the same subdivision, the property being adjacent, and that on the date mentioned complainant sold and furnished building material, lumber, etc., to said Jane and Hattie Crocker under a contract with them for the purpose of erecting and constructing a building on lot 15 in the N. ½ of lot 14, but that they, through inadvertence or mistake, without notice to complainant erected the house partly on lot 13 and the S. ½ of lot 14, above described, that the amount furnished was $234.59, none of which has been paid, and that within the time prescribed by law complainants complied with all the requirements of law for establishing a lien on the house and property above described as belonging to the said Crockers, and that on June 24, 1912, a judgment was rendered by the city court of Birmingham on summons and complaint for the sum of $274.54 and costs in favor of complainant, adjudging the property herein described as belonging to the said Crockers, was subject to a lien in favor of complainants and condemning the same to be sold for the satisfaction of complainant's demand, and that the property belonging to the Crockers, together with said land, was on, to wit, September 12, 1912, duly and legally sold by the sheriff of Jefferson county, and complainant became the purchaser, but that, owing to a prior outstanding mortgage on said land for an amount greater than the land is reasonably worth, its interest in said land is valueless, and that its claim on the house if the

same has been properly located would be superior to the claim of the outstanding mortgage, and, if said house had been properly located, the party holding the first mortgage would pay off the amount of complainant's claim; that said house or building can be removed from the land that is claimed or owned by said Mc-Wilson without any material damage to land, and that the said McWilson has never paid plaintiff anything for the building located on part of his land, and that it would be inequitable, unjust, and unfair to enrich the said McWilson at the expense of this complainant. The prayer is to remove the building or to decree that McWilson is indebted to complainant in the sum above mentioned, and that a lien be established. The amendment sets up facts attempting .to show McWilson's knowledge of the fact during the process of construction and erection; that the house was being erected or built on part of his land; and his failure to raise any objection to its location or completion until after the house had been sold and purchased by the complainant, whereupon he took forcible possession, and has since held it as against the complainant. The amendment states further facts showing want of knowledge on complainant's part of the fact that the house was not being erected on lands belonging to the Crockers, together with the other facts set up in the original bill. The demurrers raise the points decided.

HORACE C. WILKINSON, for appellant. The court erred in sustaining demurrers to the original bill and the bill as amended.—Section 4754 et seq., Code 1907. A lien may be created on the improvements without extending it to the realty.—*Turner v. Robbins,* 78 Ala. 593; *Bledsoe v. Peters,* 79 Ala. 133; *Salter v. Goldberg,* 150 Ala. 511. The right is a vested right, and cannot be

taken away by the Legislature.—*Florence G. E. & L. P. Co. v. Hanby,* 13 South. 343; 26 N. E. 770. The lien attaches from the time the material is delivered.— *Welch v. Porter,* 63 Ala. 225; *Young v. Stoutz,* 74 Ala. 574. All the elements entering into the lien appear in the allegations of the bill.—*Cook v. Rome Brick Co.,* 98 Ala. 409. It is not necessary that the person contracting for the materials be the owner of the land on which the improvement is made.—14 Ala. 38; 48 N. W. 473; 65 Am. St. Rep. 434; 84 Pac. 309. The averments of the bill bring it within the purview of section 6026, Code 1907.—*Edgar v. State,* 156 Ala. 147; *Marbury L. Co. v. Lamont,* 169 Ala. 38; *City of B'ham v. So. Ex. Co.,* 164 Ala. 529; *Davis v. Thomas,* 154 Ala. 279. The statute is remedial and should be liberally construed.— *Sprowl v. Lawrence,* 33 Ala. 674. The statute expressly authorizes a lien to be declared against the house so erected even though there can be no personal judgment against the owner of the land, and no lien on the land.—*Copeland v. Dixie L. Co.,* 4 Ala. App. 330; 24 N. W. 35; 10 L. R. A. 33; 34 S. W. 689; 56 Am. St. Rep. 434; 60 South. 22; 19 N. Y. 234; 11 Barb. 9, and authorities supra.

FRANCIS M. LOWE, for appellee. A lien cannot be created without the consent, authority or acquiescence of the owner of the property.—*Selma S. D. & B. F. Co. v. Stoddard,* 116 Ala. 253; *Randolph v. B. & P. S. Co.,* 106 Ala. 501; 12 Am. St. Rep. 663. The statute prescribes what it takes to create and to enforce the lien, and these requisites must be strictly followed.—Sec. 4754, et seq., Code 1907; *Montgomery Company v. Dorman,* 78 Ala. 218. The provisions of section 6026, Code 1907, have no place in the consideration of this cause,

as they refer to lands subdivided by the government survey, and not the plats or maps of city property.

ANDERSON, J.—While this court has several times held that the lien given mechanics and materialmen, under section 4754 of the Code of 1907, is enforceable against the improvement or building, though lost as to the land (*Salter v. Goldberg,* 150 Ala. 511, 43 South. 571; *Bedsole v. Peters,* 79 Ala. 135; *Turner v. Robbins,* 78 Ala. 593), yet in each instance a contractual obligation existed between the said mechanic or materialman and the owner of the said building or improvements.

It has never been held in this state that the statute gave a lien on the land or house of one who was not a party to the contract and upon whom no legal obligation rested to pay said mechanic or materialman. In fact, the statute does not give a lien on the material furnished (*Lee v. King,* 99 Ala. 246, 13 South. 506), but upon the land and building, one or both, and only upon the title or interest of the owner or proprietor in and to the same. Therefore, if the proprietor or debtor buys material and uses it in improving the lands of another, the statute does not fasten a lien on the land of a third person. Or, if the purchaser uses the material in erecting a building upon the land of another, under such circumstances as to render the building a fixture, and thereby it becomes a part of the realty, the owner of the land is the owner of the building, and the lien of the materialman cannot attach to a building owned by a third person and in which the debtor has no title or interest.—*Wadsworth v. Hodge,* 88 Ala. 500, 7 South. 194.

Under the averments of the complainant's bill, the respondent, McWilson, did not become responsible for the debt directly or indirectly, and did not consent to or ac-

quiesce in the erection of the house on his lot so as to justify its removal as a mere fixture.—*Bolling v. Whittle,* 37 Ala. 35. It is manifest that the Legislature did not intend to fix a lien upon a building erected upon the land of another and by one who had no right, title, or interest in the said land, for, if such had been the case, there was no need for sections 4756 and 4757 of the Code for the protection of a materialman when the building is erected upon leased land. Had the lien been given upon all buildings in which the materialman's articles were used, regardless of the ownership of the land or buildings, or where erected, there was no need for protecting the materialman as to buildings constructed upon leased lands. It is further demonstrated that the Legislature did not intend to fasten a lien on houses erected indiscriminately on third persons' lands, or to abrogate the common-law rule, so as to prevent fixtures from becoming a part of the realty and thereby reserving liens in favor of materialmen in such instances, for the reason that a priority of the lien is expressly reserved by section 4755, as to the buildings, over existing liens or mortgages on the land. Had the Legislature intended to fasten a lien on the buildings regardless of ownership, or upon whose land they were placed, and meant it to remain paramount to the common-law rights of the owner to such fixtures as a part of the realty, there would be no necessity for preserving the lien when improvements are placed on leased premises or upon lands upon which liens and mortgages existed. This holding is sanctioned by the cases of *Wadsworth v. Hodge,* 88 Ala. 500, 7 South. 194, and *Copeland v. Kehoe,* 67 Ala. 594. There the husband purchased the material and caused the erection of the improvements on the land of the wife, and this court held that the plaintiff had no lien on the land or building, as the

husband had no authority to buy the material, notwithstanding the wife knew of the erection of the building and consented to same. If the court declined to declare a lien under those circumstances, the reason for not doing so in the case at bar is much stronger, as there was no relationship between the debtor and this appellee, and it does not appear that the house was put on the latter's land with his consent. It is true that neither of these cases noted the fact that the lien could be separately enforced as to the land or building, but the *Wadsworth Case* was decided some time after the *Peters* and *Turner Cases, supra,* and the court would have evidently upheld the lien on the improvements, had it thought the statute was susceptible of such a construction as is now contended for by this appellant. As was said by this court in speaking of builder's and mechanics' liens, through Brickell, C. J., in the *Copeland Case, supra*: "A builders' or mechanics' lien is purely statutory. Its character, operation, and extent must be ascertained by the terms of the statute creating and defining it. Of itself, it is a peculiar, particular, special remedy given by statute, founded and circumscribed by the terms of its creation, and the courts are powerless to take it up where the statute may leave it and extend it to meet facts and circumstances which they may believe present a case of equal merit, or a necessity of the same kind, as the cases or necessities for which the statute provides."

The case of *Linck v. Meikeljohn,* 2 Cal. App. 506, 84 Pac. 309, would support the appellant's contention if the California statute is identical with ours, but which said statute is not fully set out in the opinion, and which has not been examined by us in the statutes of said state, for, if it should be identical with ours, we could not follow the holding as we find no warrant in

our statute for declaring a lien on a house erected on the land of another and who was an absolute stranger to the contract of purchase and was no party to the construction of said house. The statute does not create a lien which follows the material into the house of one other than the person who purchased the said material, so as to make it superior and paramount to the common-law property rights of the owner of the land, except, of course, in the instances expressly covered thereby, to wit, when the improvements and buildings are made upon leased land or when made on land of the debtor but upon which there is an existing lien or mortgage. No provision is made for a lien, paramount to the property right of the owner of the land, upon buildings improperly erected upon his land; and, while it might meet the demands of equity and justice to authorize the removal of same or the subjection of same to the appellant's claim, we find no statutory authority for doing so; and, as observed in effect by the lamented Brickell, we are powerless to take the subject up where the statute may leave it and extend the statute to facts and circumstances which we think may present equal merit as those covered and provided for by said statute.

We do not think that section 6026 of the Code of 1907 has any application to the present case. This statute evidently deals with lines as fixed by the original government survey and does not apply to lines as fixed upon the plats and maps under the authority of article 2 of chapter 142 of the Code of 1907. Section 6026 appears in article 1 of said chapter 142 and deals with different surveys and lines from those authorized and treated in article 2. The two articles are separate and distinct; neither being dependent upon the other and each having a separate field of operation.

The chancery court did not err in sustaining the demurrers to the bill either before or after amendment, and the decree is affirmed.

Affirmed.

MAYFIELD, SAYRE, SOMERVILLE, and DE GRAFFENRIED, JJ., concur.

