(78 South. 823)

KELLY v. WOLLNER. (2 Div. 662.)

(Supreme Court of Alabama. April 18, 1918.)

1. ACCOUNT ⬅=12—JURISDICTION—EQUITY.

An accounting is always ordered in a court of equity, where it is an incident to some other relief.

2. MORTGAGES ⬅=479, 619 — FORECLOSURE — ACCOUNTING.

Under the Alabama practice, either a mortgagee seeking foreclosure or a mortgagor coming into redeem is entitled to an incidental accounting as a matter of course to ascertain the amount of the mortgage indebtedness, and whether a reference to the register is necessary will be determined by the chancellor in view of pleadings and proof.

3. MORTGAGES ⬅=445—FORECLOSURE—OFFER TO DO EQUITY.

Since a mortgagee who seeks a foreclosure is under no apparent obligation to the mortgagor, there can be no occasion for him to offer to do equity to the mortgagor.

4. EQUITY ⬅=223—BILL—DEMURRER.

While a bill must disclose a case falling within the jurisdiction of the chancery courts, a bill is not demurrable because failing to show affirmatively that the amount in controversy is within the jurisdiction.

5. EQUITY ⬅=214—BILL—PLEA OR ANSWER.

If a bill is not demurrable because failing to show affirmatively that the amount in controversy is within chancery jurisdiction, the objection must be made by plea or answer.

Appeal from Circuit Court, Perry County; B. M. Miller, Judge.

Bill to foreclose a mortgage and for an accounting by Minnie Wollner against M. M. Kelly and another. Demurrer to bill overruled, and defendant Kelly appeals. Affirmed.

Reese & Reese, of Selma, Clifton C. Johnston, of Marion, and R. B. Evins, of Greensboro, for appellant. William Cunninghame, of Linden, for appellee.

SOMERVILLE, J. The bill of complaint is filed by Minnie Wollner against M. M. Kelly and J. S. Roan, to foreclose a mortgage made by Roan to Kelly, and by Kelly transferred to complainant as collateral security for a debt evidenced by his promissory note for $8,008.37, which, the bill avers, "remains in large part unpaid." The bill prays for an accounting to ascertain the amount of the indebtedness due from Roan to Kelly, and also the amount due from Kelly to complainant.

The demurrer to the bill raises only three points which are insisted upon in argument: (1) That no equity is shown for an accounting; (2) complainant does not offer to do equity; and (3) the bill does not affirmatively show that a sufficient amount is due from Kelly to complainant to give jurisdiction to a court of equity.

[1, 2] 1. "An accounting is always ordered in a court of equity, where it is an incident to some other relief." Tecumseh Iron Co. v. Camp, 93 Ala. 572, 9 South. 343. Under our practice, either a mortgagee seeking foreclosure, or a mortgagor coming in to redeem, is entitled to an incidental accounting, as a matter of course, to ascertain the amount of the mortgage indebtedness. Whether a reference is necessary or not, for that purpose, will be determined by the chancellor in view of the pleadings and proof. The authorities cited for appellant on this subject relate to accounting as an independent equity, and have no bearing on cases like this.

[3] 2. Since a mortgagee who seeks foreclosure is under no apparent obligation to the mortgagor, there can be no occasion for an offer by him to do equity to the mortgagor.

[4, 5] 3. While a bill must disclose a case falling within the jurisdiction of chancery courts, a bill is not demurrable because it fails to show affirmatively that the amount in controversy is within the jurisdiction; if it is not, the objection must be made by plea or answer. Abraham v. Hall, 59 Ala. 386.

The demurrer was without merit, and the decree of the circuit court overruling the demurrer will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.