(103 So. 863)

**DILLARD et al. v. PROPST et al.**
**(6 Div. 158.)**

(Supreme Court of Alabama. Jan. 15, 1925. Rehearing Denied April 30, 1925.)

**1. Appeal and error ⬅️837(11) — Supreme Court, on appeal in equity cases, required only to consider relevant testimony.**

Under Gen. Acts 1923, p. 631, Supreme Court, on appeal in equity case, is required only to consider testimony which is relevant, material, and competent, and neither it nor trial court is required to point out or indicate what testimony should be excluded or not considered.

**2. Husband and wife ⬅️14(4)—Deed to husband and wife presumed to vest each of them with an undivided one-half interest in property conveyed.**

Deed of land to husband and wife jointly, without expressing interest of each, is presumed without proof to vest each of them with an undivided one-half interest in property conveyed.

**3. Husband and wife ⬅️171(1)—Neither wife nor her property liable for debt of husband, though she signed his note.**

Mortgage and note signed by both husband and wife for his and not her debt did not render wife personally liable, nor her one-half interest in property securing mortgage liable for the debt, in view of Code 1907, § 4497, prohibiting wife from becoming surety for husband.

**4. Mortgages ⬅️155—Mortgagees entitled to protection as bona fide purchasers.**

Note and mortgage given to secure an antecedent debt then due, which was extended in consideration of mortgage and to secure future advances contemporaneously contracted, which were obtained, were supported by consideration, and mortgagees were bona fide purchasers and entitled to protection as such.

**5. Mortgages ⬅️186(3)—Mortgagors had burden of showing that mortgagees had notice of secret equity of one of mortgagors.**

When mortgagees, or those claiming under them, showed that note and mortgage of husband and wife were executed for a bona fide valuable consideration, secured by it, burden shifted to mortgagors or those claiming under them to show that mortgagees, before mortgage was executed and delivered to them, had actual or constructive notice of secret equity of wife in the land, securing note and mortgage, and that her money was used to pay entire purchase price thereof.

**6. Mortgages ⬅️154(3)—Possession of mortgagors not constructive notice of secret equity of wife in property mortgaged.**

Possession of husband and wife, who were in actual possession of land mortgaged as a homestead before and at time of execution of mortgage, ostensibly as cotenants, as deed to them indicated, would not be constructive notice to mortgagees of wife's secret equity therein.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Mortgages ⬤⟶257—Holder of mortgage and note after maturity entitled to same protection as mortgagees.**

Holder, who purchased for value note and mortgage executed by husband and wife after its maturity, for valuable consideration, and without notice, actual or constructive, of secret equity of wife in mortgaged land, was entitled to same protection as mortgagees, who were bona fide mortgagees for value without notice, actual or constructive, of such equity.

**8. Mortgages ⬤⟶581(2)—Holder of note and mortgage held entitled to reasonable attorney's fees, in suit to foreclose mortgage.**

Holder of note and mortgage held entitled to reasonable attorney's fees in suit to foreclose mortgage, where mortgagor in note agreed to "pay all costs of collection, including a reasonable attorney's fee," and in mortgage to pay a "reasonable attorney's fee for collecting this debt."

**9. Mortgages ⬤⟶479—Order directing reference in suit to foreclose mortgage held not reversible error.**

In suit to foreclose mortgage, order of trial court directing a reference by register to ascertain balance due on mortgage debt and amount of reasonable attorney's fee for prosecuting suit, held not reversible error, though court could have ascertained such facts without cost of a reference.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

Bill in equity by D. F. Propst and others against Dora Dillard and others, and cross-bill by respondents. From a decree for complainants, respondents appeal. Affirmed.

W. S. McNeil and S. T. Wright, both of Fayette, for appellants.

The land involved was the separate property of the wife of the mortgagor. South v. Pinion, 207 Ala. 122, 92 So. 420; Haney v. Legg, 129 Ala. 619, 30 So. 34, 87 Am. St. Rep. 81. The court erred in decreeing a debt due to complainant. Stewart Bros. v. Harris, Cortner & Co., 6 Ala. App. 518, 60 So. 445; Schiffer & Nephews v. Feagin, 51 Ala. 335; Code 1907, § 4289 (3).

W. L. Harris, of Fayette, for appellees.

A mortgage executed by a tenant in common on the whole estate operates to subject the mortgagor's interest in the subject of the tenancy. Giddens v. Reddoch, 207 Ala. 297, 92 So. 848, 25 A. L. R. 381; Autauga B. & T. Co. v. Chambliss, 200 Ala. 87, 75 So. 463. Complainant stood in the position of a purchaser without notice. Autauga B. & T. Co. v. Chambliss, supra; Phillips v. Matthews, 205 Ala. 480, 88 So. 641; John Silvey & Co. v. Cook, 191 Ala. 228, 68 So. 37; Guin v. Guin, 196 Ala. 221, 72 So. 74; Baron v. Hughes, 202 Ala. 207, 80 So. 29. The court had the right to refer the matter of ascertaining the mortgage debt to the register. Kelly v. Wollner, 201 Ala. 445, 78 So. 823; Burgin v. Sugg, 210 Ala. 142, 97 So. 216.

MILLER, J. This is a bill in equity, as amended, by D. F. Propst and members of the late firm of Propst Bros., to foreclose a mortgage given by defendants W. C. Dillard and his wife, L. E. Dillard, on certain real estate described therein, to secure a note for $800, given by them to Propst Bros., dated May 1, 1909, and payable October 15, 1909. The complainants aver that D. F. Propst is the owner of the note and mortgage by transfer or assignment prior to the commencement of this suit.

W. C. Dillard and wife, L. E. Dillard, the mortgagors, both died after the suit was commenced, and the cause was revived in the name of the representative of their only child, a son, who died after his parents, and his widow and children were also made parties defendant. These defendants answered the amended bill, and made their answer in the nature of a cross-bill. They aver the debt, if any, secured by the mortgage, was the debt of the husband, W. C. Dillard, and not the debt of the wife, L. E. Dillard; that she was surety for the husband, and the note and mortgage were void as to her; that John O. Perry and L. M. C. Perry conveyed said land described in the mortgage to W. C. Dillard and L. E. Dillard by deed dated February 11, 1897, which was duly filed and recorded in the probate office of the county in which the land was situated, on April 11, 1912; that L. E. Dillard was ignorant of the fact that the deed was made jointly to her and her husband to this land until after this suit was commenced; that the purchase money paid for this land belonged to her, having been inherited from the estate of her father; and that she was in possession of this land, claiming it as her own, since the purchase from the Perrys until her death, and since her death her heirs have been in possession of it, and the mortgage of complainant is void and a cloud on the title to the land. They aver the mortgage was given by W. C. Dillard to secure future advances, and no advances were obtained, and they aver the mortgage debt was paid before this suit was commenced. They seek by the cross-bill to have the mortgage declared void, and removed as a cloud upon their title to the land, and to declare cross-complainants have a resulting trust in the interest in the land conveyed to W. C. Dillard by the deed.

The complainants D. F. Propst and others, by answer, deny many of the averments of the cross-bill, and aver in their answer as follows:

"That Propst Bros. were bona fide purchasers for value without any notice of any alleged equity upon the part of respondent L. E. Dillard, and without any notice of any secret un-

derstanding or arrangement between her and her husband, W. C. Dillard; that they had no notice that L. E. Dillard claimed to be in possession and the owner of the lands described in Exhibit A of the answer and cross-bill."

The court, on pleading and proof, held and decreed that W. C. Dillard and L. E. Dillard each owned an undivided one-half interest in this land when the mortgage was executed, that L. E. Dillard was not indebted or liable to the complainant or Propst Bros. on the note and mortgage—it was and is the debt of her husband, W. C. Dillard, that complainant has a lien on the undivided one-half interest in the lands of W. C. Dillard by virtue of the mortgage, and is entitled to have it sold to satisfy the debt secured by it, and a reasonable solicitor's fee for prosecuting this suit to collect the debt which is secured by the note and mortgage; and ordered a reference to be held by the register to ascertain the amount of the principal and interest now due on the mortgage, and also what would be a reasonable attorney's fee to be paid complainant D. F. Propst for the services of his solicitor in the prosecution of this suit to collect this debt; and directed that the register report his findings to this court. This appeal is prosecuted by the defendants, cross-complainants, from that decree, and it is the error assigned.

[1] Under the statute approved September 28, 1923 (Gen. Acts 1923, p. 631), this court on appeal in an equity case—

"shall consider only the testimony which is relevant, material and competent, and that it shall not be required or necessary for either the trial court or the Supreme Court to point out or indicate what testimony, if any, should be excluded or not considered." Gen. Acts 1923, p. 631.

[2] This deed of John O. Perry and L. M. C. Perry, a copy of which is attached to and made a part of the cross-bill and answer, shows that the grantees are W. C. Dillard and L. E. Dillard; that they paid the grantors $900 for the land. This deed conveys this land to the grantees jointly without expressing the interest of each, and the law raises the presumption, without proof, that they are equally interested, each taking an undivided one-half interest. Long v. McDougald, 23 Ala. 413; Walthall v. Goree, 36 Ala. 728; Whitlow v. Echols, 78 Ala. 206; McWhorter v. Cox, 209 Ala. 233, 96 So. 71. This conveyance was executed on February 11, 1897, and it was filed and recorded in the probate office of the county in which the land is located on April 11, 1912. The grantees named therein were husband and wife at that time; they moved on the property after receiving the conveyance, and each continued to use and occupy it as a homestead from 1897 until their respective deaths, which occurred after the filing of this bill of complaint. This mortgage was duly executed and delivered by them on this land to Propst Bros. on May 1, 1909, and it was duly filed and recorded in the proper probate office on May 1, 1909, and it was afterwards —after its maturity—transferred to complainant D. F. Propst.

[3] This mortgage and note were given by W. C. Dillard, husband, and L. E. Dillard, his wife; it was his and not her debt. Neither the wife, personally, nor her one-half interest in the property, was liable for the debt of the husband. The wife shall not directly or indirectly become the surety for the husband. The trial court correctly so decreed. Section 4497, Code 1907.

[4] It is clear from the evidence that this $800 note, secured by the mortgage, was given for a past-due indebtedness of W. C. Dillard, that was extended by the note, and for advances to be made during the year to make the total sum $800, and the advances were made by the mortgagees to W. C. Dillard to make the full amount of the contract, $800. This note and mortgage were given to secure an antecedent debt, then due, which was extended in consideration of the execution of the mortgage, and to secure future advances, contemporaneously contracted, which were obtained. This makes a valuable consideration for the note and mortgage, and constitutes the mortgagees bona fide purchasers, and entitles them to protection as such. Jones v. Robinson, 77 Ala. 499; Sweeney v. Bixler, 69 Ala. 539; M. & C. P. R. R. Co. v. Talman, 15 Ala. 472. This court, in Rodgers v. Adams, 66 Ala. 602, said:

"An innocent mortgagee, who parts with value in presenti, or incurs an obligation to do so in futuro, as a consideration for the execution of the mortgage, stands, in the eyes of the law, precisely as if he were a vendee of the absolute title, and is entitled to equal protection."

See, also, Alexander v. Livingston, 206 Ala. 186, headnote 8, 89 So. 520.

[5, 6] When the mortgagees, or those claiming under them, by proof show the note and mortgage were executed for a bona fide valuable consideration, secured by it, then the burden shifts to the mortgagors, or those claiming under them, to show that the mortgagees, before the mortgage was executed and delivered to them, had actual or constructive notice of the secret equity of L. E. Dillard in the one-half interest in the land in the name of W. C. Dillard, that her money was used to pay the entire purchase price for the land. Johnson v. Harsh, 207 Ala. 524, headnote 5, 93 So. 451; Autauga B. & T. Co. v. Chambliss, 200 Ala. 87, 75 So. 463; Silvey v. Cook, 191 Ala. 228, 68 So. 37. There is no evidence that the mortgagees knew by actual or constructive notice of this secret equity of L. E. Dillard. The mortgagors, W. C. Dillard and L. E. Dillard, being husband and wife, and in actual possession of the land as a homestead before and at the time of the

execution of the mortgage, ostensibly as co-tenants, as the deed to them indicated, would not be constructive notice to the mortgagees of this secret equity. Autauga B. & T. Co. v. Chambliss, 200 Ala. 87, 75 So. 463.

It is true the evidence of the cross-respondents clearly indicates that the entire purchase price for this land was paid by W. C. Dillard from money belonging to his wife, L. E. Dillard; but there is no evidence indicating that the mortgagees had actual or constructive notice thereof before the mortgage was delivered. This burden of proof rested on the cross-respondents, and they failed to meet it. Guin v. Guin, 196 Ala. 221, 72 So. 74, and authorities supra.

[7] The proof shows that D. F. Propst, complainant, purchased for value the note and mortgage after its maturity, and he stands as transferee in the same position as the transferors, the mortgagees, and is entitled to the same protection as the mortgagees. Silvey & Co. v. Cook, 191 Ala. 228, 68 So. 37, and authorities supra. It is evident from the evidence now in the record that a small amount of the principal of the $800 still remains unpaid; that Propst Bros., the mortgagees, were bona fide mortgagees for value, without notice, actual or constructive, of the secret equity of L. E. Dillard in the one-half interest of W. C. Dillard in the land, and complainant D. F. Propst purchased this balance due, evidenced by the note and mortgage, for valuable consideration, without any notice, actual or constructive, of this equity of the wife in the mortgaged land, and D. F. Propst should be fully protected for the balance due on the $800 note with interest. Authorities supra.

[8, 9] W. C. Dillard agreed in the note to "pay all cost of collection, including a reasonable attorney's fee," and he agreed in the mortgage to pay a "reasonable attorney's fee for collecting this debt," in foreclosing this mortgage. This agreement between the parties justified the court in holding that D. F. Propst is entitled to a reasonable solicitor's fee for the prosecution of this suit, which is secured by the mortgage. It is true the court could have ascertained, without the cost of a reference, the amount now due on the $800 note secured by the mortgage and lien on one-half interest of W. C. Dillard in the land, and ascertained a reasonable solicitor's fee for the attorney of D. F. Propst for prosecuting this suit to collect the balance due on the note, but the trial court has the right to determine, from the pleading and proof, whether a reference is necessary, and its order directing a reference by the register to ascertain the balance due on the mortgage debt and the amount of a reasonable attorney's fee for prosecuting the suit for D. F. Propst, complainant, to collect by foreclosure suit the debt secured by the mort-gage, will not be reversed by this court. Such order for a reference is the usual practice in a cause of this character. Kelly v. Wollner, 201 Ala. 445, 78 So. 823; Burgin v. Sugg, 210 Ala. 142, 97 So. 216.

The decree is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.