(127 So. 169)
### STATHIS v. SPARKS.
#### 6 Div. 488.

Supreme Court of Alabama.
Jan. 16, 1930.

Rehearing Denied April 3, 1930.

Richard H. Fries, of Birmingham, for appellant.

H. A. Burns, of Birmingham, for appellee.

### GARDNER, J.

The bill is one to foreclose a mortgage on certain real estate. Defendant Stathis, one of the mortgagors, appeals from a decree overruling his demurrer to the bill. The only objection urged to the bill is that it fails to aver what part of the indebtedness is past due. The averments disclose the principal

690

sum secured, which was payable in installments over a period of four years, the amount of each installment, for which notes were executed, and that the mortgage contained the further provision that upon default in any part of the indebtedness the whole of the indebtedness secured by the mortgage should become due and payable, and the mortgage subject to foreclosure. The bill, following the language of the mortgage, avers that "a part of the indebtedness is now past due and unpaid, and that said mortgage by its terms is subject to foreclosure as now provided by law in the case of past due mortgages."

In view of the mortgage provisions, we think this averment is to be properly construed as disclosing the whole indebtedness secured thereby to be due and payable. If there have been any payments or credits to be applied, this may be brought forward by answer. So construed, we think the bill sufficiently meets the requirements of good pleading in equity. Shipman on Eq. Plead. p. 239; Cockrell v. Gurley, 26 Ala. 405; Overton v. Moseley, 135 Ala. 599, 33 So. 696; Cabbell v. Williams, 127 Ala. 320, 28 So. 405.

The ascertainment of the amount is a matter of proof, and a reference to that end is prayed.

We conclude the bill is sufficient as against the demurrer thereto interposed, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.