(132 So. 896)

GARONTAKIS et al. v. SPARKS.

6 Div. 722.

Supreme Court of Alabama.

March 12, 1931.

422

Kelvie Appelbaum, of Birmingham, for appellants.

H. A. Burns, of Birmingham, for appellee.

SAYRE, J.

This cause came here on a former appeal prosecuted in the name of one of appellants' codefendants. Stathis v. Sparks, 220 Ala. 689, 127 So. 169. The bill is as it was at the time of the former appeal; but the present appellants, Spiro Garontakis and Andrew G. Orfanos, had filed their demurrer based upon some grounds, in form of statement at least different from the demurrer considered on former appeal, and now they prosecute this appeal from an adverse ruling without the joinder of the appellant in the former appeal. However, the question now argued in the brief for appellants is just what it was when Stathis v. Sparks was considered, and is whether the bill sufficiently shows the amount of the mortgage debt in default. The averment of the bill, which was filed July 29, 1929, is that, August 16, 1928, "W. D. Dobbins was the owner of said real estate, subject however to the lien of the aforesaid mortgage owing to your complainant," which was executed, as the bill avers, July 16, 1926, "and that on said day and date said W. D. Dobbins executed that certain deed," conveying the real estate in question, "to the respondent Otis Cook, and that the said respondent Otis Cook assumed the payment of a balance due under said mortgage," which at that time amounted to $13,500 with interest. The further averment is that "a part of the indebtedness," which was payable in installments, "is now past due and unpaid." And the prayer is, inter alia, "that by proper process, order and reference the amount due under said mortgage be ascertained" and for foreclosure.

The complaint on this appeal is that the bill fails to state with sufficient certainty the amount claimed by complainant. In view of the prayer, and necessity, for a reference by which the amount of the mortgage debt remaining due and unpaid may be ascertained, it cannot be said that appellant will be at any disadvantage on account of the method of allegation adopted by the pleader or that more specific averment as to the amount of the mortgage debt is necessary to the equity of the bill or its adequacy in any particular. "An accounting is always ordered in a court of equity, where it is an incident to some other relief." Kelly v. Wollner, 201 Ala. 445, 78 So. 823.

The decree is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.