55 So.2d 502

**TAYLOR et al. v. SHAW.**

2 Div. 293.

Supreme Court of Alabama.

Nov. 29, 1951.

Young & Young, Anniston, for petitioner.

Walter J. Merrill and Knox, Jones, Woolf & Merrill, all of Anniston, opposed.

Rogers & Evans, Butler, for appellant Doggett.

Scott & Porter, Chatom, for appellee.

Richard P. Conerly, Jackson, on the brief, amicus curiæ.

Lindsey & Christopher, Butler, for appellants Taylor.

470

STAKELY, Justice.

R. W. Shaw filed his bill of complaint in the equity court against Clark Taylor, Mrs. Avie Giles Taylor, his wife, and Mrs. Connie Doggett. Clark Taylor and his wife filed their separate demurrer to the bill and Mrs. Connie Doggett filed her separate demurrer to the bill. The court entered decrees overruling the demurrer of Clark Taylor and his wife and also overruling the demurrer of Mrs. Connie Doggett. Clark Taylor and his wife have appealed from the decree overruling their demurrer and Mrs. Connie Doggett has appealed from the decree overruling her demurrer.

The allegations of the bill show that beginning with the year 1947 the complainant began to extend credit to Clark Taylor and his wife and as evidence of the indebtedness owing by these two respondents to the complainant, these two respondents executed and delivered to the complainant three notes secured by mortgages which are attached respectively as exhibits to the bill and made a part thereof. One of the notes is for $750. It is dated October 27, 1947 and is payable on October 1, 1948. The second note is for $1500.00, is dated March 6, 1948 and is payable October 1, 1948. And the third note is for $1500 and is dated January 25, 1949 and is payable October 1, 1949. The land embraced in the mortgages lies in Choctaw County, Alabama, and is described by government survey.

It is further alleged that the indebtedness evidenced by the notes and mortgages now amounts to towit $3600.00, that the indebtedness is past due and that the complainant is entitled to foreclose each of the mortgages. It is further alleged upon information and belief that the mortgagors Clark Taylor and his wife, Avie Giles Taylor, dispute the correctness of the amount of the indebtedness claimed by the complainant under and by virtue of the aforesaid notes and mortgages.

It is further alleged upon information and belief that the respondent Mrs. Connie Doggett reputedly claims some right, title or interest in and to a part or parcel of the land covered by the aforesaid mortgages; that the land described in said mortgages has for many years been commonly known and understood as being the land of the respondent Clark Taylor; that Clark Taylor and his predecessors in title have been in actual possession of the land claiming to own the same in fee simple for more than 20 years. It is further alleged that complainant "relying on the apparent ownership of Clark Taylor extended credit under the aforesaid notes and mortgages with which to erect on the land a dwelling house; that the dwelling house was erected with full knowledge on the part of Mrs. Connie Doggett and she made no objection thereto to the complainant." It is further alleged that "the materials and labor for the erection of said house and for the making of a well for the dwelling house were furnished by the complainant in good faith and that he is entitled to a materialman's lien be placed on the dwelling house to the into the house and into the digging and equipping of the well, even if the said dwelling is located on the land owned by by the respondent Clark Taylor."

It is further alleged that complainant has been denied the privilege of surveying the land covered by the aforesaid mortgages and does not know except by general reputation and hearsay whether or not the

dwelling is not located on the land owned the respondent Clark Taylor.

Among other things prayed for, it is prayed (1) that the amount of the indebtedness owing by the respondents Clark Taylor and his wife to the complainant under and by virtue of the aforesaid notes and mortgages be duly ascertained by reference directed and to be held under the supervision of the court; (2) that a decree be entered giving to the complainant a right to survey the land covered by the aforesaid mortgages, and (3) that should it develop that the dwelling house owned by Clark Taylor be on land which is in fact owned by Connie Doggett, that a materialman's lien for the materials and labor that went extent of the indebtedness of Clark Taylor and his wife which went into the building of the house and well. There is a prayer for general relief.

Demurrer of Clark Taylor and his wife Mrs. Avie Giles Taylor.

 There is no doubt that so far as Clark Taylor and his wife are concerned, the bill has equity. The foreclosure of mortgages is an original ground of equitable jurisdiction. Carpenter v. First National Bank of Birmingham, 236 Ala. 213, 181 So. 239. Furthermore we consider that the bill is sufficiently certain with reference to the allegations as to the amount of the indebtedness secured by the mortgages. The allegations of the bill show that the notes which evidence the indebtedness and the mortgages given to secure the payment thereof are each in a certain amount and aggregate the sum of towit $3600.00. The bill also alleges that the notes are now past due and unpaid and there is a prayer that the indebtedness owing by the respondents to the complainant under and by virtue of the aforesaid notes and mortgages be duly ascertained by a reference. The allegations of the bill taken with the prayer are sufficient as to the amount of the indebtedness. Garontakis v. Sparks, 222 Ala. 421, 132 So. 896.

 These respondents seek to raise by their demurrer questions related to the rights of the respondent Connie Doggett. We cannot uphold this contention. Defects if any in the bill which affect Mrs. Connie Doggett but do not affect the rights or interest of the demurrants, cannot be considered. In other words Clark Taylor and his wife must be prejudiced by the defect and if they are not, they are unharmed and unconcerned. There is accordingly no merit in such contentions here made. Ellis v. Vandergrift, 173 Ala. 142, 55 So. 781. Furthermore only a party who is prejudiced thereby can avail himself of the objection of multifariousness. Ellis v. Vandergrift, supra; Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107. We do not see how Clark Taylor and his wife can be hurt by the effort to bring in additional security from another for their debt.

It results that the court acted correctly in overruling the demurrer of Clark Taylor and his wife.

Demurrer of Mrs. Connie Doggett.

 Mrs. Connie Doggett is alleged to reputedly claim some right, title or interest in and to the land covered by the mortgages. For aught that appears from the allegations of the bill, her claim may be an independent and distinct title adverse to the mortgagors and the mortgagee. Mrs. Connie Doggett insisted by way of demurrer, among other things, that she is not a proper party to the suit. It is true that a suit for foreclosure of a mortgage cannot be properly instituted for the purpose of litigating titles which are adverse to the mortgagor and mortgagee. Wells v. American Mortgage Company of Scotland, Limited, 109 Ala. 430, 440, 20 So. 136, 139. When a bill shows that a defendant asserts title paramount to the mortgage, it is demurrable. Boiling & Son v. Pace, 99 Ala. 607, 12 So. 796. "The estate or interest in the lands which is drawn within the operation of the suit, which will be affected and bound by the decree, is the estate created and passing by the mortgage, or estates or interests subsequently acquired by the mortgagor, inuring by way of estoppel to the benefit of the mortgagee." Wells v. American Mortgage Company of Scotland, Limited, supra. [109 Ala. 430, 20 So.2d 140.] When one files a bill to foreclose a mortgage or to enforce a lien the only proper parties are the mortgagor or the obligor and those who acquire an in-

terest subsequent to complainant's mortgage or lien. Rogers v. Gonzalez, 252 Ala. 313, 40 So.2d 858.

There are three theories on which the appellee seeks to maintain his bill against Mrs. Connie Doggett. (1) The bill prays specifically for the establishment of a materialman's lien. It is sufficient to say that the complainant is not entitled to such a lien because there is nothing to show compliance with the statutory requirements to establish such a lien. First Ave. Coal & Lumber Co. v. McWilson, 182 Ala. 276, 62 So. 531; Emanuel v. Underwood Coal & Supply Co., 244 Ala. 436, 14 So.2d 151. The appellee now concedes that he is not entitled to a materialman's lien. We refer however to the proposition because "a bill is not subject to demurrer because it prays for certain specific relief to which complainant may not be entitled on the facts alleged when they show that other equitable relief is available, and there is a general prayer for relief." Rogers v. Gonzalez, supra. [252 Ala. 313, 40 So.2d 861.] In the case at bar the demurrer was overruled, but we will not put the court in error in this respect if on the facts alleged, the complainant is entitled to equitable relief other than the establishment of a materialman's lien.

(2) The appellee seeks to make capital of § 10, Title 56, Code of 1940, which is as follows: "When a survey of land is made by a county surveyor for the purpose of straightening or locating section or other lines, the owners of the fences or buildings erected on or near the original or supposed lines shall not lose their right to the same, when the survey places the fences or buildings upon the lands of others."

In order to come within the statute the bill seeks a survey of the land but there are no allegations sufficient to bring the case within the purview of the statute. It is obvious that the statute has reference only to buildings erected on or near the original or supposed lines. The line is the line as fixed by original government survey. First Ave. C & L. Co. v. McWilson, supra. The statute affords relief only where the building is erected on or near the original or supposed government line and by a subsequent survey it is made to appear that the original or supposed government line was erroneously fixed and as a result of that error one has constructed a building on the land of another. For aught therefore that appears from the present bill the building could have been erected not on or near the original or supposed government line between the property of Clark Taylor and Mrs. Connie Doggett, but at a substantial distance from such line. If the lands of Clark Taylor and Mrs. Connie Doggett are adjoining lands and if the building was erected on or near the original or supposed boundary line between the two owners, then the bill should so allege.

The description of the land contained in the mortgage makes no reference to the building which is the subject of discussion in the present case. If the survey should show that the building is on the land of Clark Taylor, then obviously this improvement would be embraced within the mortgage. If, however, the building was constructed on or near the original or supposed government line, which line has been considered the boundary line between Clark Taylor and Mrs. Connie Doggett, and the subsequent survey should show that the original or supposed government line was erroneously fixed and therefore the building is on the property of Mrs. Doggett, then the foregoing statute creates an equitable right which should enure to the complainant through Clark Taylor, because acting on the belief that the boundary line between Clark Taylor and Mrs. Doggett was the original or supposed government line, he has caused improvements to be erected on the land of Mrs. Connie Doggett. Certainly the complainant can request the survey, § 11, Title 56, Code of 1940, and the court can direct the survey. §§ 3 and 4, Title 56, Code of 1940. The statute was enacted to alleviate the harsh rule of the common law and in Edgar v. State, 156 Ala. 147, 47 So. 295, 297, the statute was construed as follows: "This statute, we think, can mean nothing more nor less than that the party who erected the fence or building shall not lose his right to the material in.

the structure. \* \* \* The purpose of the statute is to prevent one who innocently and through mistake erects a fence or building on the land of another from losing the material used in such structure. The effect of the statute is to convert the fence or building into personal property, which otherwise would be a fixture and become a part of the realty. \* \* \*" See also Marbury Lumber Co. v. Lamont, 169 Ala. 33, 53 So. 773.

If upon proper allegation and proof the case is brought within the terms of the foregoing statute, we think it will be equitable for the court to authorize the complainant to remove the materials that went into the construction of the building, except the respondent should be first given the opportunity of paying the mortgage debt and thereby retaining the improvement if she sees fit to do so.

 (3) It is sought by the complainant under the circumstances in the case to impress the property of Mrs. Connie Doggett, if it is her property, with a lien for the amount of the expenditures for the improvements made on the property on the principle "that 'where a person makes improvements upon property of another or otherwise increases its value, being induced by fraud, duress, undue influence, or mistake of such a character that he is entitled to restitution, he is entitled to an equitable lien upon the property'." Lee v. Menefield. 249 Ala. 407, 31 So.2d 581, 585. See 42 C.J.S., Improvements, § 7, pp. 432–434. In other words there is an attempt to resort to the equitable doctrine of unjust enrichment frequently enforced under the doctrine of estoppel. 27 Am.Jur. pp. 275–276; Cityco Realty Co. v. Slaysman, 160 Md. 357, 153 A. 278, 76 A.L.R. p. 304.

It will be noted that there are no allegations in the bill that there was any misrepresentation or concealment on the part of Mrs. Connie Doggett. Nor is there any allegation that the conduct of Mrs. Connie Doggett was such that her action was with the intention or at least the expectation that it would be acted upon by the other party. Nor is there allegation that there was any reliance put upon the alleged action of Mrs. Connie Doggett. For aught that appears

the complainant or Clark Taylor had knowledge of the truth or had the means by which with reasonable diligence they could have acquired knowledge of the truth. Estoppel "cannot be invoked by one who at the time of the improvement was acquainted with the true character of his own title or with the fact that he had none." 19 Am. Jur. p. 788. The only allegation of the bill is that the house was erected with full knowledge of Mrs. Connie Doggett and she made no objection thereto to the complainant. The effort is to show an estoppel in equity affecting the legal title to the land. The allegations in the bill are not sufficient. Jacksonville Public Service Corp. v. Calhoun Water Co., 219 Ala. 616, 123 So. 79, 64 A.L.R. 550.

For the reasons given the demurrer of Mrs. Connie Doggett should have been sustained.

It results that the decree overruling the demurrer of Clark Taylor and his wife is affirmed and the decree overruling the demurrer of Mrs. Connie Doggett is reversed and the cause is remanded.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.